Christopher M. HART, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 73527.

Missouri Court of Appeals,
Western District.

June 5, 2012.

Susan L. Hogan, for Appellant.

Richard A. Starnes, for Respondent.

Before Division One: JOSEPH M. ELLIS, Presiding Judge, JAMES E. WELSH, Judge and ALOK AHUJA, Judge.

JOSEPH M. ELLIS, Judge.

Christopher Hart appeals from the denial of his Rule 24.035 motion for post-conviction relief following an evidentiary hearing. For the following reasons, the motion court's decision is reversed, and the cause is remanded to the motion court for dismissal of Appellant's motion.

Appellant was charged as a prior and persistent offender with one count of assault in the first degree, § 565.050, as a result of an attack on Thomas E. Smith. On July 12, 2002, pursuant to a plea agreement, Appellant appeared before the Circuit Court of Jackson County and entered a plea of guilty to one count of assault in the second degree. In exchange for his plea, the State agreed to recommend a sentence of fifteen years imprisonment and placement in a long-term drug treatment program under § 217.362. After questioning Appellant about his understanding of the plea agreement and the rights he would be waiving, the circuit court found Appellant's plea to have been voluntarily and intelligently entered and accepted the plea. The court sentenced Appellant to a term of fifteen years imprisonment and ordered him placed in a long-term drug treatment program. Appellant was delivered to the Missouri Department of Corrections on July 24, 2002, where he began a drug treatment program.

After Appellant completed the drug treatment program, on November 10, 2003, the circuit court entered an order granting Appellant's release and placing him on probation for three years. After Appellant violated the terms of his probation, on June 1, 2004, the circuit court suspended his probation. When Appellant failed to appear at probation violation hearings on July 8 and July 22, 2004, the circuit court issued a warrant for his arrest.

In August 2004, Appellant was arrested for felony stealing in the state of Washington. Appellant was returned to Missouri in April 2005, and a probation violation hearing was set for April 27, 2005. Based upon the representations of defense counsel and the court's own observations, the court ordered a mental health examination of Appellant by the Department of Mental Health to assess Appellant's competence to

proceed. A string of mental health commitments and evaluations and assorted continuances requested by both the defense and the State ensued. Appellant did not object to any of these delays.

Eventually, Appellant was deemed competent to proceed and a probation violation hearing was conducted on April 2, 2009. At that time, the circuit court revoked Appellant's probation and ordered him to serve the remainder of his fifteen year sentence.

On September 14, 2009, Appellant filed a *pro se* motion for post-conviction relief under Rule 24.035. An amended motion was later filed by appointed counsel. In relevant part, Appellant contended that the circuit court lacked jurisdiction to revoke his probation after his term of probation had ended because the delay in conducting the probation violation hearing was beyond what was reasonably necessary to resolve the violations.

Following an evidentiary hearing, the motion court entered its findings of fact and conclusions of law denying Appellant's motion. The court found that it had the authority to revoke Appellant's probation because (1) there was an affirmative manifestation of intent to conduct a revocation hearing prior to the expiration Appellant's probation period, (2) every effort was made to notify Appellant and conduct a violation hearing prior to the expiration of the probation period, and (3) the delays in conducting the hearing were due to Appellant's flight to Washington, his actual or feigned mental illness, and continuances that Appellant either requested or acquiesced in.

In his sole point on appeal, Appellant claims that the motion court clearly erred in denying his motion because the circuit court lacked the authority under § 559.036.6 to revoke his probation so long after his probationary period had expired.

He claims the State did not make every reasonable effort to conduct the hearing prior to the expiration of his probation period and that the hearing was conducted beyond the time period reasonably necessary for the adjudication of the matter.

■ While not raised before the motion court, on appeal, the State contends that Appellant's motion should have been dismissed because it was not timely filed. Regardless of whether it was raised below, the timeliness of a post-conviction motion cannot be waived by the State, and we must consider whether the timeliness requirement of Rule 24.035 was satisfied on appeal. *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012).

■ In bringing his post-conviction motion, "[i]n addition to proving his substantive claims, the movant must show he filed his motion within the time limits provided in the Rules." *Id.* at 267. "The movant must allege facts showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits prescribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion." *Id.* Failure to file the motion in time results in a complete waiver of any right to proceed on the motion and mandates that the motion be dismissed. *Id.*

■ Because he did not appeal the original judgment, Appellant was required to file his Rule 24.035 motion within 180 days of being delivered into the custody of the Department of Corrections. *Id.* at 265–66 (citing Rule 24.035(b)). Furthermore, "[t]he law is well-settled that the limita-

tions start to run upon a movant's initial delivery to the custody of the department of corrections, even if he or she is later granted probation.'" *Crabtree v. State*, 91 S.W.3d 736, 737 (Mo.App. W.D.2002) (quoting *Hall v. State*, 992 S.W.2d 895, 897 (Mo.App. W.D.1999)); *see also Bond v. State*, 326 S.W.3d 828, 831 (Mo.App. E.D. 2010). "This is true even in cases where . . . the circuit court remands the appellant to the department so he can enter an institutional treatment program and grants him probation when he completes the program." *Andrews v. State*, 282 S.W.3d 372, 375 (Mo.App. W.D.2009).

█ Appellant's motion reflects, and the State concedes, that he was initially placed in the custody of the Department of Corrections for long-term drug treatment on July 24, 2002. Appellant's post-conviction motion filed on September 14, 2009, was, therefore, filed over six and a half years too late. Appellant has never alleged, nor does the record reflect, that any of the recognized exceptions to the timeliness rule are applicable to this case. Accordingly, Appellant's motion should have been dismissed as untimely by the motion court. While Appellant's claim that the trial court lacked authority to revoke his probation might be cognizable by means of a writ of

prohibition or *habeas corpus*,[1] and certainly would have been an appropriate argument to make at the probation violation hearing, it cannot be asserted in an untimely post-conviction motion challenging his conviction.

The motion court's decision is reversed, and the cause is remanded to the motion court to dismiss Appellant's motion.

All concur.

---

1. This Court has previously held that a Rule 24.035 motion may be an appropriate mechanism to challenge the trial court's continuing authority to revoke probation. *Norfolk v. State*, 200 S.W.3d 36, 38 (Mo.App. W.D.2006) ("As this court previously held in *Stelljes v. State*, 72 S.W.3d 196, 199 (Mo.App.2002), once the movant's probationary period has ended, his challenge of the trial court's jurisdiction to revoke his probation could be brought in a Rule 24.035 proceeding."). In this case, however, the arguments which Appellant raises to challenge the probation revocation order did not even exist during the time period when he could have filed a timely Rule 24.035 motion. The Southern District of this Court has held that Rule 24.035 is only one available remedy in these circumstances, and that alternative remedies are available by way of a writ of prohibition or habeas corpus. *State ex rel. Whittenhall v. Conklin*, 294 S.W.3d 106, 109 & n. 4 (Mo.App. S.D.2009) ("Here, Relator is arguing that Respondent exceeded its statutory authority to hold a hearing to revoke his probation because the probationary period had expired. Relator can choose to bring his claim under a Rule 24.035(a) motion or to seek a writ of prohibition," or may proceed by way of a writ of habeas corpus). The availability of these alternative remedies is particularly appropriate in a case like this one, where due to timing issues Rule 24.035 did not provide an effective means for appellate review of Appellant's claims.