**Sterling HALL, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 97674.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 11, 2012.

Andrew E. Zleit, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The movant, Sterling Hall, appeals the denial of his motion for postconviction relief. Because movant filed his motion out of time, we dismiss his appeal.

### Factual and Procedural Background

On November 21, 2008, movant entered pleas of guilty to felony possession of a controlled substance, Section 195.202 RSMo, and misdemeanor possession of drug paraphernalia, Section 195.233 RSMo. The trial court sentenced movant, as a prior and persistent offender, to a term of fifteen years' imprisonment in the custody of the Department of Corrections on the felony possession count, and a concurrent one-year term of confinement on the misdemeanor paraphernalia count. The court suspended execution of these sentences and placed movant on probation for five years and one year, respectively.

Nearly a year later, on October 2, 2009, the trial court revoked movant's probation, ordered the previously-imposed sentences executed, and ordered movant placed in 120–day drug treatment program at the Department of Corrections pursuant to Section 559.115. The record is unclear as to when movant was actually physically delivered to the Department for the treatment program. Movant states in his motion and brief on appeal that he was delivered to the Department "on or about October 19, 2009." Movant was released from the program on February 11, 2010 and placed on supervised probation for two years.

Nearly a year later, on January 7, 2011, the trial court again revoked movant's probation and ordered the previously-imposed sentence executed. Movant was delivered to the Department of Corrections on or about January 24, 2011. It was at this time that movant sought post-convic-

tion relief under Rule 24.035. He filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence on March 21, 2011. Appointed counsel filed an amended motion and requested an evidentiary hearing on October 13, 2011. Movant sought relief on grounds that his trial counsel was ineffective for failing to challenge the lawfulness of the search and seizure that occurred in the case. The motion court denied movant's request for a hearing and then entered its order denying movant's claim for relief. Movant appeals.

### Discussion

 Rule 24.035 governs post-conviction motions for relief from a felony conviction based on a plea of guilty. A person seeking relief pursuant to the rule must file his or her motion within one hundred and eighty days of delivery to the custody of the Department of Corrections if, such as here, no appeal was taken of the judgment or sentence sought to be vacated. Rule 24.035(b). The law is well-settled that the time limitation for filing a motion for post-conviction relief begins to run upon a movant's *initial* delivery to the custody of the Department of Corrections. *Hall v. State,* 992 S.W.2d 895, 897 (Mo.App. W.D.1999)(emphasis added); *Andrews v. State,* 282 S.W.3d 372, 375 (Mo.App. W.D. 2009); *Searcy v. State,* 103 S.W.3d 201, 204–6 (Mo.App. W.D.2003); *Crabtree v. State,* 91 S.W.3d 736, 737–38 (Mo.App. W.D.2002). This is so even in cases where, pursuant to Section 559.115, the trial court remands the movant to the Department so he can enter an institutional treatment program and then grants movant probation when he completes the program. *Andrews,* 282 S.W.3d at 375; *Hall,* 992 S.W.2d at 897.

The time limitations imposed by Rule 24.035 are mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989); *State v. Shafer,* 969 S.W.2d 719, 741 (Mo. banc 1998). They are to be strictly enforced and may not be extended. *Hall,* 992 S.W.2d at 897. Failure to file a motion within the time mandated by the rule constitutes a complete waiver of any right to proceed under the rule and a complete waiver of any claim that could be raised in a motion filed pursuant to the rule. Rule 24.035(b); *Shafer,* 969 S.W.2d at 738.

Here, movant was initially delivered to the Department in October of 2009. His delivery to the Department of Corrections for the drug-treatment program triggered the running of the 180–day time limit for filing a Rule 24.035 motion. Movant did not file his Rule 24.035 motion until March 21, 2011, after he was incarcerated following his second probation revocation, and over a year after his initial delivery to the Department. Movant filed his motion out of time and, as a consequence, he waived his right to postconviction relief under the rule.

Although the motion court denied movant's motion on the merits, it erred in considering the motion at all. Because movant did not timely file his Rule 24.035 motion, the motion court should have dismissed it. Therefore, we dismiss this appeal and remand the cause to the motion court with directions to enter its order dismissing the movant's motion as untimely filed.

PATRICIA L. COHEN and KURT S. ODENWALD, JJ., concur.