Fred MITCHELL, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 97558.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 16, 2012.

Gwenda Reneé Robinson, District Defender, Saint Louis, MO, for Appellant.

Chris Koster, Attorney General, Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

## OPINION

GLENN A. NORTON, Judge.

Fred Mitchell appeals the judgment denying his Rule 24.035[1] motion for post-conviction relief after an evidentiary hearing. We vacate the motion court's judgment and remand the cause with directions to dismiss Mitchell's motion because he failed to timely file his pro se motion.

### I. BACKGROUND

In June 2008, Mitchell pled guilty to trafficking in the second degree. After accepting Mitchell's plea, the plea court sentenced him to fifteen years of imprisonment but suspended the execution of that sentence and placed him on probation. In February 2010, Mitchell admitted to violating the terms of his probation. The plea court revoked Mitchell's probation and executed the previously imposed fifteen-year sentence.

Mitchell was delivered to the Department of Corrections on April 22, 2010. On October 22, 2010, Mitchell filed a pro se Rule 24.035 motion for post-conviction re-

---

1. All references to Rules are to Missouri Supreme Court Rules (2012).

lief. Counsel subsequently filed an amended Rule 24.035 motion. Following an evidentiary hearing, the motion court entered a judgment denying Mitchell's Rule 24.035 motion for post-conviction relief. Mitchell appeals.

## II. DISCUSSION

■ On appeal, Mitchell asserts that the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief. In response, the State contends that Mitchell's motion should have been dismissed because his pro se motion was not timely filed. Even though that argument was not presented to the motion court, "the timeliness of a post-conviction motion cannot be waived by the State, and we must consider whether the timeliness requirement of Rule 24.035 was satisfied on appeal." *Hart v. State*, 367 S.W.3d 171, 173 (Mo.App. W.D.2012) (citing *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012)).

■ Rule 24.035(b) provides that if a movant, like Mitchell, does not appeal a judgment or sentence after a guilty plea, his motion for post-conviction relief "shall be filed within 180 days of the date [he] is delivered to the custody of the department of corrections." Rule 24.035(b) further provides that a movant's failure to file his motion for post-conviction relief within the 180-day time limit "shall constitute a complete waiver of any right to proceed under [Rule 24.035] and a complete waiver of any claim that could be raised in a motion filed pursuant to [Rule 24.035]." Although Rule 24.035 does not provide for any exceptions which excuse the late filing of a motion for post-conviction relief, court decisions have created three: (1) when the motion was delivered to the court so it would be filed within the time limits of the Rules but the court lost or misfiled the motion; (2) when post-conviction counsel abandoned the

movant, i.e. "improperly act[ed] or fail[ed] to act to the movant's detriment"; and (3) "in very rare circumstances" where "an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court." *Dorris*, 360 S.W.3d at 264–65, 267, 268 n. 9, 270 (discussing the first judicially-created exception); *Moore v. State*, 328 S.W.3d 700, 702–03 (Mo. banc 2010) ((discussing the second and third judicially-created exceptions) (internal quotation omitted)).

■ In this case, Mitchell was delivered to the Department of Corrections on April 22, 2010. Mitchell filed his pro se Rule 24.035 motion for post-conviction relief 183 days later, on October 22, 2010. Therefore, Mitchell failed to file his motion within the 180–day time limit of Rule 24.035(b). Mitchell has never alleged, nor does the record reflect, that any of the recognized exceptions to the timeliness requirement of Rule 24.035 are applicable to this case. Accordingly, Mitchell's motion should have been dismissed as untimely by the motion court. *Hart*, 367 S.W.3d at 174.

## III. CONCLUSION

The motion court's judgment is vacated and the cause is remanded with directions to the motion court to dismiss Mitchell's Rule 24.035 motion for post-conviction relief.

CLIFFORD H. AHRENS, P.J., and SHERRI B. SULLIVAN, J., concur.