Raymond M. ASHER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 98579.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 29, 2013.

Roxanna A. Mason, Saint Louis, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

## OPINION

ANGELA T. QUIGLESS, Judge.

Raymond Asher (Movant) appeals the judgment denying his Rule 24.035 [1] motion for post-conviction relief without an evidentiary hearing. We vacate the motion court's judgment and remand the cause with directions to dismiss Movant's motion because he failed to timely file his pro se motion.

## I. BACKGROUND

On August 9, 2010, Movant pled guilty to one count of first-degree assault (Count I), one count of second-degree domestic assault (Count II), and one count of third-degree domestic assault (Count III). The court accepted Movant's plea and deferred sentencing to a future date. On August 16, 2010, the court sentenced Movant to ten years of imprisonment on Count I, seven years of imprisonment on Count II, and time served in a Medium Security Institution on Count III, with the sentences to run concurrently with each other. The court suspended execution of those sentences and recommended Movant be placed in the Department of Corrections' 120–day institutional treatment program pursuant to Section 559.115.3 RSMo. (Cum.Supp.2006). Movant was delivered to the custody of the Department of Corrections on or about August 24, 2010.

Subsequently, the court ordered Movant to be released on probation effective December 21, 2010. In June 2011, the court held a probation revocation hearing. The court found that Movant violated the terms

1. All rule references are to Mo. R.Crim. P.2011.

of his probation, and the court entered an order revoking Movant's probation and executing the sentences previously imposed on August 16, 2010. Movant was then delivered to the custody of the Department of Corrections for a second time in June 2011.

On August 10, 2011, Movant filed a *pro se* Rule 24.035 motion for post-conviction relief. Counsel subsequently filed an amended Rule 24.035 motion. Thereafter, the motion court entered a judgment denying Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Movant appeals.

## I. DISCUSSION

On appeal, Movant claims that the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief. In response, the State contends that Movant's motion should have been dismissed because his *pro se* motion was not timely filed. Although that argument was not presented to the motion court, "the timeliness of a post-conviction motion cannot be waived by the State, and we must consider whether the timeliness requirement of Rule 24.035 was satisfied on appeal." *Hart v. State*, 367 S.W.3d 171, 173 (Mo.App. W.D.2012) (citing *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012)).

Rule 24.035(b) provides that if a person, like Movant, does not appeal a judgment or sentence after a guilty plea, his motion for post-conviction relief "shall be filed within 180 days of the date [he] is delivered to the custody of the department of corrections." When, as in this case, a movant has been delivered to the department of corrections after sentencing, was subsequently released on probation, and then was delivered to the department of corrections for a second time after his probation was revoked, the time for filing a Rule 24.035 motion begins to run on the date the movant was initially delivered to the department of corrections. *Bond v. State*, 326 S.W.3d 828, 830–31 (Mo.App. E.D.2010). A movant's failure to file his motion for post-conviction relief within the 180–day time limit of Rule 24.035(b) "shall constitute a complete waiver of any right to proceed under [Rule 24.035] and a complete waiver of any claim that could be raised in a motion filed pursuant to [Rule 24.035]." Rule 24.035(b). As noted by this Court in *Wiley v. State*, court decisions have created three exceptions which excuse the late filing of a motion for post-conviction relief: (1) where the motion was delivered to the court within the time limits of Rule 24.035 or Rule 29.15 but the court lost or misfiled the motion; (2) where the movant was abandoned by post-conviction counsel; and (3) "in very rare circumstances where an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court." 368 S.W.3d 236, 238 (Mo.App. E.D.2012) (internal citations and quotations omitted).

In this case, Movant was initially delivered to the Department of Corrections on or about August 24, 2010. Movant filed his pro se Rule 24.035 motion almost one year later, on August 10, 2011. Therefore, Movant failed to file his motion within the 180–day time limit of Rule 24.035(b). Movant has never alleged, nor does the record reflect, that any of the recognized exceptions to the timeliness requirement of Rule 24.035 are applicable to this case. Consequently, Movant's motion should have been dismissed as untimely by the motion court.[2] *Hart*, 367 S.W.3d at 174.

---

**2.** Because Movant's motion should have been dismissed as untimely, "neither the motion court nor this Court has any authority to address the merits of [Movant's] post-convic-

## II. CONCLUSION

The motion court's judgment is vacated and the cause is remanded with directions to the motion court to dismiss Movant's Rule 24.035 motion for post-conviction relief.

ROBERT G. DOWD, JR., P.J., and ROY L. RICHTER, J., concur.

tion claims." *Graves v. State,* 372 S.W.3d 546, 548 (Mo.App. W.D.2012).