Brent M. MURPHY, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 32152.

Missouri Court of Appeals,
Southern District.

May 24, 2013.

Samuel E. Buffaloe, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Brent M. Murphy ("Movant") appeals the denial of his Rule 24.035[1] motion for post-conviction relief. He argues the motion court clearly erred in denying his motion because his plea attorneys were ineffective for failing to tell him he would have to serve 80 percent of his sentence before he would be eligible for parole. The State responds by stating we should remand the case for dismissal because Movant's *pro se* motion was not timely filed. The State's argument is correct. The motion was not timely filed. Consequently, we reverse and remand with instructions to dismiss the motion.

### *Factual and Procedural Background*

Movant was charged in five separate cases with five criminal acts. Movant reached a plea agreement with the State. Under the plea agreement, Movant pled guilty to three counts of forgery in three separate cases.[2] The plea court sentenced Movant to three consecutive sentences of five years each and ordered Movant placed in long-term drug treatment pursuant to § 217.362.[3] The guilty plea hearing was held on August 21, 2006.

After the guilty plea hearing, Movant was transferred to several other counties to dispose of pending cases. The record is not clear as to exactly when he was delivered to the Department of Corrections. However, Movant was released from the Department of Corrections on probation on November 5, 2007.

Movant's probation was subsequently revoked on February 22, 2010. Movant filed a *pro se* motion for post-conviction relief on June 22, 2010. An amended motion was filed, and the motion court grant-

ed an evidentiary hearing. The motion court denied relief after entering detailed findings of fact and conclusions of law. Movant appeals.

### *Discussion*

The State argues the case should be remanded with instructions to dismiss the motion because the motion was not timely filed. The State's argument is correct. Therefore, we do not address the merits of Movant's motion.

 A post-conviction motion filed after a plea of guilty from which there was no direct appeal must be filed within 180 days of the date the movant is delivered to the Department of Corrections. Rule 24.035(b). The time limits in the post-conviction rules are mandatory and must be strictly enforced. *Hall v. State*, 380 S.W.3d 583, 585 (Mo.App. E.D.2012). If the movant does not file the motion in a timely fashion, the result is a complete waiver of the right to proceed under the rule. Rule 24.035(b); *Asher v. State*, 390 S.W.3d 917, 918 (Mo.App. E.D.2013). "Failure to file a timely motion procedurally bars a movant from seeking relief under the rule." *Matthews v. State*, 863 S.W.2d 388, 390 (Mo.App. S.D.1993). Neither the motion court nor the appellate court has authority to consider the merits of claims raised in an untimely filed post-conviction motion. *Miller v. State*, 386 S.W.3d 225, 227 (Mo.App. W.D.2012).

 "The law is well-settled that the time limitation for filing a motion for post-conviction relief begins to run upon a movant's *initial* delivery to the custody of the Department of Corrections." *Hall*, 380

---

1. All rule references are to Missouri Court Rules (2013).

2. The remaining counts and cases were dismissed.

3. All statutory references are to RSMo Cum. Supp. (2012).

S.W.3d at 585 (emphasis in original). "This is true even in cases where ... the circuit court remands the appellant to the [D]epartment [of Corrections] so he can enter an institutional treatment program and grants him probation when he completes the program." *Hart v. State,* 367 S.W.3d 171, 174 (Mo.App. W.D.2012) (quoting *Andrews v. State,* 282 S.W.3d 372, 375 (Mo.App. W.D.2009)). Furthermore, "Rule 24.035 contains no authority for extension of the deadline for filing a motion for post[-]conviction relief." *Leatherwood v. State,* 898 S.W.2d 109, 111 (Mo.App. S.D.1995).

In the present case, we can presume Movant was initially delivered to the Department of Corrections sometime before his release on November 5, 2007. The *pro se* motion was filed in February 2010. Consequently, Movant's motion was filed at least two years after his initial delivery to the Department of Corrections, well past the 180–day deadline. The motion court had no authority to consider the untimely motion, and the motion should have been dismissed.

### Decision

Movant's motion for post-conviction relief was not timely filed. The motion court's order denying relief on the merits is vacated, and the cause is remanded to the motion court which is hereby directed to dismiss Movant's motion as untimely filed.

DANIEL E. SCOTT, P.J. and DON E. BURRELL, C.J., concur.