**Bryan ROBERTS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 75634.**

Missouri Court of Appeals,
Western District.

June 11, 2013.

Alexa Pearson, Columbia, MO, for Appellant.

Mary Moore, Jefferson City, MO, for Respondent.

Before ALOK AHUJA, P.J., KAREN KING MITCHELL, and ANTHONY REX GABBERT, JJ.

ANTHONY REX GABBERT, Judge.

Bryan A. Roberts appeals the circuit court's judgment denying his Rule 24.035 post-conviction relief motion without an evidentiary hearing. In Roberts's sole point on appeal, he contends that the circuit court clearly erred in denying his motion without an evidentiary hearing because he pled factual allegations warranting relief and that are not refuted by the record. He argues that he received ineffective assistance of counsel because plea counsel erroneously assured him that if he pled guilty pursuant to the State's plea agreement, he would receive concurrent seven year terms of incarceration. Roberts contends that if he had known the court would reject the State's plea agreement and order a total sentence of twelve years, he would not have pled guilty. We dismiss this appeal and remand to the circuit court with directions to vacate its judgment and to dismiss Roberts's motion as untimely.

On February 9, 2006, Roberts entered a plea of guilty to Count I—possession of a controlled substance with intent to distribute, deliver or sell; Count II—tampering in the first degree; and Count III—assault in the second degree. On March 16, 2006, Roberts was sentenced to concurrent terms in the Missouri Department of Corrections (DOC) of seven and six years respectively for Counts I and II. He was sentenced to five years for Count III, to be served consecutive to his Count I and Count II sentences. The court retained jurisdiction pursuant to Section 559.115,

RSMo Cum.Supp.2005, and ordered Roberts placed in institutional treatment and delivered to the DOC. Roberts was delivered to the DOC on March 28, 2006. On July 6, 2006, the circuit court granted Roberts probation pursuant to Section 559.115, and ordered his release from the DOC.

On December 18, 2009, Roberts's probation was revoked and his sentences were executed. He was delivered to the DOC on January 11, 2010. Roberts filed a Rule 24.035 motion for post-conviction relief on March 22, 2010. Roberts alleged, and the State agreed, that the motion was timely filed. The circuit court denied Roberts's motion on the merits and Roberts appeals.

Rule 24.035 requires a movant to seek relief under the rule within 180 days of being delivered to the custody of the DOC if no appeal was taken of the contested judgment or sentence. *Hall v. State*, 380 S.W.3d 583, 585 (Mo.App.2012). Failure to file a motion within such time waives any right to proceed under the rule and waives any claim that could be raised pursuant to the rule. *Id.*; Rule 24.035(b).

> The law is well-settled that the time limitation for filing a motion for post-conviction relief begins to run upon a movant's *initial* delivery to the custody of the Department of Corrections. This is so even in cases where, pursuant to Section 559.115, the trial court remands the movant to the Department so he can enter an institutional treatment program and then grants movant probation when he completes the program.

*Hall*, 380 S.W.3d at 585 (internal citations omitted).

Here, Roberts's 180–day deadline for filing a motion pursuant to Rule 24.035 began running on March 28, 2006, when he was initially delivered to the DOC for institutional treatment. *Id.* Hence, the March

22, 2010, motion that Roberts filed, after he was delivered to the DOC's custody a second time, was more than three years delinquent.

■■■ We recognize that the State failed to raise the issue of timeliness with the circuit court and, in fact, agreed with Roberts that his motion was timely filed. We will not, therefore, convict the circuit court of error for a matter not brought to its attention. *In Interest of T.B.,* 963 S.W.2d 252, 256 (Mo.App.1997). Nevertheless, in *Dorris v. State,* 360 S.W.3d 260, 268 (Mo. banc 2012), our Supreme Court held that "[t]he State cannot waive movant's noncompliance with the time limits in Rules 29.15 and 24.035." The court stated that even if the State does not raise the issue, "[i]t is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules." *Dorris,* 360 S.W.3d at 268. As the mandatory time limit has yet to be enforced, we undertake that duty.

We, therefore, dismiss this appeal and remand to the circuit court with directions to vacate its judgment and to dismiss Roberts's Rule 24.035 motion as untimely filed.[1]

All concur.

---

1. We note that the State first argued that Roberts's motion was untimely in its respondent's brief to this appeal. Roberts filed no reply brief addressing the State's contention and the record supports the State's assertion. Therefore, remand for dismissal, rather than remand for a hearing on the issue of timeliness as was necessary in *Miller v. State,* 386 S.W.3d 225 (Mo.App.2012), is appropriate herein.