**STATE of Missouri, Respondent,**

v.

**Grover D. GIBBS, Appellant.**

**No. ED 99415.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 12, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 2013.

Application for Transfer Denied Feb. 4, 2014.

Chris Koster, Stephen D. Hawke, Jefferson City, MO, for Respondent.

James A. Stemmler, St. Louis, MO, for Appellant.

ROY L. RICHTER, Presiding Judge.

Grover D. Gibbs ("Defendant") appeals from the trial court's judgment denying his writ of habeas corpus and Rule 24.035 post-conviction relief motion revoking his probation. We dismiss the appeal in part, and remand in part, with instructions that the trial court dismiss the Rule 24.035 motion as untimely filed.

## I. Background

On October 24, 2008, Defendant was convicted of two counts of second-degree domestic assault, two counts of third-degree domestic assault, and one count of resisting arrest. On October 24, 2008, he was sentenced to the Missouri Department of Corrections under Section 559.115, a 120–day institutional treatment program. Defendant's first request for probation was denied by the trial court, which adopted the Missouri Board of Probation and Parole's recommendation on December 29, 2008. Later, on a motion for reconsideration, the trial court placed Defendant on probation on February 26, 2009. While on probation, Defendant was arrested for DWI and driving while revoked. On March 12, 2012, the court set a probation revocation hearing for April 13, 2012. At the revocation hearing, the trial court revoked probation based on Defendant's violation of a condition of probation.

On May 27, 2012, Defendant filed his motion to vacate, set aside or correct the judgment or sentence pursuant to Rule 24.035. Shortly thereafter, he filed a petition for writ of habeas corpus. The trial court denied the Rule 24.035 motion as

well as the writ of habeas corpus. Defendant's appeal follows.

## II. Discussion

Defendant alleges three points on appeal, alleging the circuit court clearly erred in denying Defendant relief because Defendant had not been informed of the nature of the charges and evidence against him and the manner he had violated his probation, Defendant was not furnished with any written statement of the evidence relied on and the reasons for revoking probation, and Defendant should have received a continuance on his probation revocation hearing.

■ The revocation of probation is not a final judgment rendered upon an indictment or information. *State v. Stewart*; 14 S.W.3d 671, 672 (Mo.App.E.D. 2000). "As there is no right to appeal a probation revocation order, *see, e.g., State v. Engle*, 125 S.W.3d 344, 345 (Mo.App. E.D.2004) ("No appeal may be taken from a revocation of probation; instead errors in probation revocation proceedings may be contested by the appropriate writ"), validity of the probation revocation order can only be reviewed through an extraordinary writ." *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 64 (Mo. banc 2008). *See also Abel v. Wyrick*, 574 S.W.2d 411 (Mo. banc 1978) (reviewing alleged errors in probation revocation proceeding on writ of habeas corpus); *State v. Williams*, 871 S.W.2d 450, 452 n. 2 (Mo. banc 1994) (noting writs available to challenge errors in probation hearings).

■ Because "[a]n appeal does not lie from the denial of a petition for a writ of habeas corpus," *Bromwell v. Nixon*, 361 S.W.3d 393, 397 (Mo. banc 2012) (citing *Blackmon v. Mo. Bd. of Prob. & Parole*, 97 S.W.3d 458, 458 (Mo. banc 2003)), we dismiss Defendant's appeal from the motion

court's denial of Defendant's writ of habeas corpus.

■ Further, while some case law indicates the use of Rule 24.035 motions permit attacks on the jurisdiction of courts to order a sentence to be executed, see *Stelljes v. State*, 72 S.W.3d 196, 199 (Mo.App. W.D.2002); *Prewitt v. State*, 191 S.W.3d 709, 711 (Mo.App.W.D.2006), we need not undergo an analysis of jurisdiction here. The law is well-settled that the time limitation for filing a motion for post-conviction relief begins to run upon a movant's *initial* delivery into the custody of the Department of Corrections. *Hall v. State*, 380 S.W.3d 583, 585 (Mo.App.E.D.2012). "This is true even in cases where . . . the circuit court remands the appellant to the [D]epartment [of Corrections] so he can enter an institutional treatment program and grants him probation when he completes the program." *Hart v. State*, 367 S.W.3d 171, 174 (Mo.App.W.D.2012).

■ The time limits in Rule 24.035 "serve the legitimate end of avoiding delay in the processing of prisoner's claims and prevent the litigation of stale claims." *Dorris v. State*, 360 S.W.3d 260, 269 (Mo. banc 2012) (quoting *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989)). In addition to proving his substantive claims, a movant must show he filed his motion within the time limits provided in the Rules, specifically within 180 days of being delivered into the custody of the Department of Corrections. *Dorris*, 360 S.W.3d at 265–67. If the movant does not file the motion in a timely fashion, the result is a complete waiver of the right to proceed under the rule. Rule 24.035(b); *Asher v. State*, 390 S.W.3d 917, 918 (Mo.App.E.D. 2013). Neither the motion court nor the appellate court has authority to consider the merits of claims raised in an untimely filed postconviction motion. *Miller v.*

*State,* 386 S.W.3d 225, 227 (Mo.App.W.D. 2012).

Here, the trial court sentenced Defendant on October 24, 2008, and he was delivered to the Department of Corrections to begin his institutional treatment program on the same day. Defendant did not file his Rule 24.035 motion until May 27, 2012, seven months after his initial delivery into the custody of the Department of Corrections. While Defendant's claim that the trial court lacked authority to revoke his probation might be cognizable by means of a writ of prohibition or habeas corpus, and certainly would have been an appropriate argument to make at the probation violation hearing, it cannot be asserted in an untimely post-conviction motion. *See Hart v. State,* 367 S.W.3d 171, 174 (Mo.App.W.D.2012). Defendant waived his right to proceed under Rule 24.035 because his motion was not timely filed. Neither the trial court nor this appellate court has authority to consider Defendant's claims under Rule 24.035.

We vacate the trial court's denial of the Rule 24.035 motion and remand to the trial court with instructions to dismiss the post-conviction motion as untimely.

### III. Conclusion

The appeal is dismissed in part and remanded in part with instructions to dismiss the Rule 24.035 motion as untimely filed.

CLIFFORD H. AHRENS, GLENN A. NORTON, JJ., concur.