

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | WD77183 |
| Respondent, | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| CHAUNCEY LEE ELLIOTT, | ) | December 9, 2014 |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Saline County, Missouri**
**Honorable Dennis Allen Rolf, Judge**

**Before Division One:  Thomas H. Newton, P.J.,**
**Lisa White Hardwick, and Anthony Rex Gabbert, JJ.**

Mr. Chauncey Lee Elliott appeals the denial of a post-conviction relief motion.  Mr. Elliott pled guilty to first-degree child molestation.  We reverse and remand.

### Factual and Procedural Background

On February 26, 2007, Mr. Elliott pled guilty to first-degree child molestation, a class B felony, as defined by 566.067,[1] in the circuit court.  At the plea hearing, Mr. Elliott indicated that he had plenty of time to discuss his case with plea counsel, that she had told him all "the facts and circumstances surrounding [his] case," and that plea counsel had explained the charges and reviewed the evidence with him.  Regarding plea counsel's representation, the sentencing judge inquired:

---

[1] All statutory references are to RSMo 2000.

Q: Has she done everything you asked her to do?
A: She has.
Q: Did she do anything you told her not to do?
A: No, sir.
Q: Are you happy with her representation and advice?
A: Yes, sir.
Q: Do you feel she's done a good job for you?
A: Yes, sir.

Mr. Elliott was sentenced to fifteen years of incarceration. He was delivered to the Missouri Department of Corrections (DOC) on February 27, 2007. He did not appeal the conviction or sentence.

He subsequently filed a motion to reopen post-conviction proceedings. The docket sheet and time stamp on Mr. Elliott's motion indicate that it was filed in the office of the court clerk on December 5, 2013. The motion court denied the motion based on a review of the pleading and file. Mr. Elliott appeals.

## Standard of Review

We review a court's denial of a post-conviction relief motion to determine whether the findings and conclusions are clearly erroneous. Rule 24.035(k). A motion court's findings and conclusions "are clearly erroneous if, after reviewing the entire record, there is a definite and firm impression that a mistake has been made." *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010).

## Legal Analysis

In his sole point, Mr. Elliott argues that the motion court erred in denying the motion to reopen post-conviction proceedings because "it was unrefuted . . . that his appointed plea counsel deliberately lied to, threatened and deceived [him] into entering an unintelligent, unknowingly[,] and unwilling plea of guilty to a criminal case which was not timely charged." Because the applicable statute of limitations had allegedly run, Mr. Elliott claims plea counsel's threat, that if

2

he did not plead guilty he would spend the rest of his life in prison, was improper. He further claims that "the plea was unintelligent, unwilling, unknowing, and involuntary" when he entered it because plea counsel failed to inform him of the expired statute of limitations, to conduct discovery, and to disclose the State's lack of evidence substantiating the charge.

In the motion, Mr. Elliott argued that his plea counsel abandoned him. Although labeled a "motion to reopen," Mr. Elliott's motion substantively requested relief on the ground that his plea was invalid because plea counsel failed to inform him of the expired statute of limitations. Ineffective assistance of plea counsel claims are properly raised in timely post-conviction relief motions. Rule 24.035(a).

Mr. Elliott, a defendant who did not appeal the conviction, had to file an original post-conviction motion "within 180 days of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b). An original motion "that does not comply with Rule 24.035 in form or substance is deemed . . . untimely. *State v. Trotter*, 302 S.W.3d 819, 821 (Mo. App. W.D. 2010). An untimely motion is regarded as a "complete waiver" of any right to seek relief under Rule 24.035(b). *Hall v. State*, 380 S.W.3d 583, 585 (Mo. App. E.D. 2012). A complete waiver deprives the movant of any and all rights to post-conviction relief. *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). However, a late filing is permitted in cases of abandonment "when ***post-conviction counsel*** improperly acts or fails to act to the movant's detriment." *Moore*, 328 S.W.3d at 702. Moreover, generally "abandonment ***cannot*** excuse the tardiness of an initial motion," but applies only to the timeliness of an amended motion. *Price v. State*, 422 S.W.3d292, 307 (Mo. banc 2014).

3

Mr. Elliott was placed into DOC custody on February 27, 2007. The motion to reopen that was filed, which we construe as an original Rule 24.035 motion, shows a time stamp of December 5, 2013. Mr. Elliott was required to file his Rule 24.035 motion on or before Monday, August 27, 2007.[2] Thus, Mr. Elliott failed to timely file the original motion.[3] He has therefore completely waived his right to challenge plea counsel's representation in relation to the validity of his plea. Regardless of the tenor of Mr. Elliot's claim, the motion court lacked authority to review it and should have dismissed the motion as untimely. Notwithstanding the improper disposition, Mr. Elliott's sole point is denied.

**Conclusion**

Therefore, we reverse and remand the cause to the trial court with instructions to dismiss Mr. Elliot's motion for post-conviction relief as untimely.[4] *See Robinson v. State*, 423 S.W.3d 816, 819 (Mo. App. W.D. 2014); *Hall*, 380 S.W.3d at 585.

/s/THOMAS H. NEWTON
Thomas H. Newton, Presiding Judge

Hardwick and Gabbert, JJ. concur.

---

[2]In computing the due date, the date that Mr. Elliott was delivered to DOC is not included in the 180 days. *See* Rule 44.01(a); *Phelps v. State*, 351 S.W.3d 269, 272 (Mo. App. W.D. 2011).

[3]When a time stamp indicates that the filing is untimely, the motion itself "'must allege facts establishing the motion is timely filed.'" *Vogl v. State*, 437 S.W.3d 218, 226 (Mo. banc 2014) (quoting *Dorris*, 360 S.W.3d at 267). Mr. Elliott's post-conviction relief motion alleged no facts that would excuse the delayed filing of his motion.

[4] A case is properly dismissed for lack of authority. *See Moore v. State*, 328 S.W.3d 700, 703 n.2 (Mo. banc 2010) ("The motion court was correct in dismissing the untimely motion because, under Rule 29.15(b), the court had no 'authority' to hear the case.").

4