

# In the Missouri Court of Appeals
# Eastern District

DIVISION FOUR

| | | |
|---|---|---|
| SHAWN WENZEL, | ) | No. ED106977 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Perry County |
| v. | ) | Cause No. 17PR-CC00041 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Benjamin F. |
| | ) | Lewis |
| Respondent. | ) | |

Filed: October 8, 2019

## Introduction

Shawn Wenzel (Movant) appeals from the judgment denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. We vacate the judgment with directions to dismiss the Rule 24.035 motion because Movant's pro se motion was untimely.

## Background

On December 12, 2014 Movant pleaded guilty to delivering or concealing a prohibited article on the premises of a county jail, a class B felony and driving while revoked, a class D felony. The court sentenced Movant to concurrent terms of seven years imprisonment for the class B felony and four years imprisonment for the class D felony,

---

[1] All Rule references are to Mo. R. Crim. P. (2014) unless otherwise indicated

pursuant to the 120-day institutional training program under Section 559.115 RSMo. Cum. Supp. (2014).  The court also ordered this sentence be served consecutively to a seven-year sentence from a previous case.

On April 7, 2015 Movant completed the institutional treatment program.  The court placed Movant on probation for five years.

On May 13, 2016 and October 7, 2016, the court found that Movant violated his probation.   In both instances, the court continued Movant's probation with additional conditions.  On October 7, 2016 Movant also pleaded guilty to possession of a controlled substance.  On June 2, 2017 the court again found that Movant violated his probation.  The court executed Movant's sentences which included the 2014 seven-year sentence for the prohibited article and four-year sentence for driving while revoked.

On August 17, 2017 Movant filed a pro se Rule 24.035 motion.  Movant asserted that he was challenging his seven-year sentence for the 2014 prohibited article conviction. Movant alleged that for this conviction he was delivered to the Department of Corrections on June 20, 2017.

Movant through appointed counsel filed an amended Rule 24.035 motion.  In his sole claim, Movant alleged that he was improperly charged and convicted of a class B felony for the prohibited article.  Movant asserted that the proper charge was a class A misdemeanor and not a class B felony.

The motion court denied Movant's amended motion without an evidentiary hearing.  This appeal follows.

<u>Discussion</u>

The time restrictions set forth in Rule 24.035 motion are "mandatory, strictly enforced, and may not be extended." <u>Miley v. State</u>, 559 S.W.3d 97, 99 (Mo. App. E.D. 2018). A movant's failure to timely file a pro se Rule 24.035 motion constitutes a complete waiver of the movant's right to proceed with the post-conviction motion. Rule 24.035(b); <u>Dorris v. State</u>, 360 S.W.3d 260, 266 (Mo. banc 2012).

Rule 24.035(b) provided if no appeal of the "judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the [D]epartment of [C]orrections."[2] The law is well settled that the time limitations for filing a motion for post-conviction relief starts upon a movant's initial delivery to the custody of the Department of Corrections. <u>Hall v. State</u>, 380 S.W.3d 583, 585 (Mo. App. E.D. 2012). This applies even in cases where pursuant to Section 559.115 the trial court remands the movant to the Department of Corrections so the movant can enter an institutional treatment program and then places the movant on probation upon completion of the program. <u>Id.</u> "The delivery of the movant into the custody of the Missouri Department of Corrections for a 120-day treatment program pursuant to Section 559.115 initiates the 180-day period in which the movant may file a Rule 24.035 motion." <u>Langhans v. State</u>, 501 S.W.3d 535, 538 (Mo. App. E.D. 2016).

Here, the court originally sentenced Movant on December 12, 2014 for a prohibited article and driving while revoked under the Section 559.115 institutional treatment

---

[2] The Missouri Supreme Court amended Rule 24.035; effective January 1, 2018 the rule provides if no appeal of the judgment or sentence is taken "the motion shall be filed within 180 days of the date **the sentence is entered.**" Rule 24.035(b) Mo. R. Crim. P. (2018) (emphasis added).

program which Movant completed on April 7, 2015. It is unclear of the exact date Movant was delivered to the Department of Corrections. But even using April 7, 2015 as the date Movant was delivered to the Department of Corrections, Movant's pro se motion would have been due on October 5, 2015. Movant's filing of his pro se motion nearly two years later on August 17, 2017 was untimely.

There are three recognized exceptions to the time limits under Rule 24.035(b): (1) when the motion was timely delivered to the court, but the court lost or misfiled the motion; (2) when post-conviction counsel abandoned the movant i.e. acted improperly or failed to act to the movant's detriment; and (3) in very rare circumstances where an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court. Greenleaf v. State, 501 S.W.3d 911, 913 (Mo. App. E.D. 2016). Here, Movant did not allege that any of the three exceptions apply. Accordingly, Movant failed to meet his burden of demonstrating that his untimely filing is subject to one of the exceptions. McPherson v. State, 406 S.W.3d 112, 114 (Mo. App. E.D. 2013) (citations omitted).

## Conclusion

The judgment is vacated and the cause remanded with directions to dismiss Movant's Rule 24.035 motion.

Gary M. Gaertner, Jr., Judge

James M. Dowd, P.J. and
Robin Ransom, J., concur.

4