

# Missouri Court of Appeals
## Southern District
### Division Two

JOHNATHAN J. YOUNG,      )
                           )
   Movant-Appellant,    )
                           )
v.                          )    No. SD36448
                           )    Filed: August 21, 2020
STATE OF MISSOURI,      )
                           )
   Respondent-Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Gayle L. Crane, Circuit Judge

### AFFIRMED

Johnathan Young (Movant) appeals from the dismissal of his Rule 24.035 motion for post-conviction relief.[1] The motion court concluded that Movant's *pro se* motion was not timely because it was filed more than 180 days after Movant had been delivered to the custody of the Department of Corrections (DOC). Because that ruling is not clearly erroneous, we affirm.

---

[1] All references to rules are to Missouri Court Rules (2012). All references to statutes are to RSMo (2000) unless otherwise specified.

Movant was charged with committing the class A felony of robbery in the first degree. *See* § 569.020. The information alleged that, in November 2011, Movant stole money from a convenience store with what appeared to be a deadly weapon.

On June 18, 2012, Movant appeared before the trial court and pled guilty to that offense. The court ordered a sentencing assessment report and deferred acceptance or rejection of the plea until sentencing.

On October 1, 2012, Movant appeared for sentencing. At the hearing, the trial court: (1) sentenced Movant to serve 15 years in DOC; (2) suspended execution of that sentence; (3) placed Movant on probation for five years; and (4) imposed a special condition of probation that Movant complete a drug treatment program. Movant was advised that, if he wanted to file a Rule 24.035 motion, he had to do so "within 180 days of the time that you are delivered to [DOC]."

In a corrected judgment, the trial court stated: "As a condition of probation, [Movant] to be placed in Phase II of the Post-Conviction Drug Treatment Program at [DOC] under Section 217.785 RSMo. [MOVANT] TO BE HELD IN CUSTODY UNTIL BED DATE IS OBTAINED AND THEN TRANSFERRED TO [DOC]." A December 20, 2012 report from the DOC facility in Farmington stated that Movant was participating in the § 217.785 Intensive Treatment Center Program with an expected completion date of January 29, 2013.

On February 9, 2015, Movant appeared before the trial court at a probation violation hearing. Movant admitted the violations. The trial court revoked Movant's probation and executed the 15-year sentence previously imposed.

On July 16, 2015, Movant filed his *pro se* motion for Rule 24.035 post-conviction relief. The motion alleged that Movant had been delivered to DOC on March 27, 2015.

On January 29, 2018, the motion court judge (who had also been the trial judge) made a docket entry. In relevant part, it stated:

Court notes [Movant] was delivered to [DOC] under Section 217.785 RSMo. after sentencing hearing held in October, 2012. [Movant] does not file this action until 2015, after 180 days from the time he was delivered to DOC. [Movant] given 7 days to provide authority to Court that case should not be dismissed for failure to file Motion to Vacate within 180 days of being delivered to [DOC].

In a timeliness memorandum, Movant's post-conviction counsel admitted that the trial court had ordered Movant to:

attend Phase 2 of the [DOC] post-conviction drug treatment program pursuant to section 217.785. It was further ordered that movant was to be held in custody until a bed date was scheduled after which the Sheriff was ordered to transport him to [DOC]. Notification of expected completion and release date of January 29, 2013 was filed December 21, 2012. [Movant] was subsequently released to probation.

Nevertheless, counsel argued that the *pro se* motion was timely because it was filed "within 180 days of his delivery to DOC following revocation and execution of his sentence in March of 2015 even though it was not filed within 180 days of his delivery to DOC in October of 2012 as an added condition of his probation pursuant to RSMo. 217.785."

In response, the State filed a motion to dismiss the *pro se* motion because it was not timely filed. In the motion, the State reported that "Movant was physically received into [DOC] at the Western Reception and Diagnostic Correctional Center on October 12, 2012. Movant was transferred to Farmington Correctional Center on November 6, 2012, and from there, released and placed on probation on January 29, 2013." The State argued that Movant's *pro se* motion was untimely because: (1) he was delivered to DOC on October

3

12, 2012; and (2) he did not file his Rule 24.035 motion within 180 days thereafter. The State's motion to dismiss was granted, and Movant appealed.

Appellate review of an order entered pursuant to Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Cook v. State*, 593 S.W.3d 117, 118 (Mo. App. 2020). A motion court's findings and conclusions are clearly erroneous only if this Court, after reviewing the record, is left with a definite and firm impression that a mistake was made. *Booker v. State*, 552 S.W.3d 522, 526 (Mo. banc 2018).

A movant seeking post-conviction relief must plead and prove that his *pro se* motion was timely filed. *Hall v. State*, 528 S.W.3d 360, 362 (Mo. banc 2017). The filing deadlines contained in Rule 24.035 and Rule 29.15 are mandatory and cannot be waived. *Cox v. State*, 445 S.W.3d 131, 134 (Mo. App. 2014).

Movant was sentenced on October 1, 2012, and did not appeal from the judgment. Rule 24.035(b) contained the applicable time limit for filing a post-conviction motion seeking relief from a felony conviction based upon a plea of guilty. In relevant part, this subpart of the rule stated that "[i]f no appeal of such judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b).[2] "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant

---

[2] Effective January 1, 2018, this rule was amended to state that, "[i]f no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of the date the sentence is entered." Rule 24.035(b), Missouri Court Rules (2020). This amendment does not apply to the case at bar because Movant's sentence was imposed prior to January 1, 2018. *See* Rule 24.035(m), Missouri Court Rules (2020).

4

to this Rule 24.035." *Id*.; *see also* **Pettry v. State**, 345 S.W.3d 335, 341 (Mo. App. 2011) (movant waived his right to Rule 24.035 post-conviction relief because his *pro se* motion was not filed until 197 days after he was delivered to DOC). A motion court lacks the authority to review the merits of an untimely Rule 24.035 *pro se* motion and must dismiss it. *See* **Greenleaf v. State**, 501 S.W.3d 911, 913 (Mo. App. 2016).

In the case at bar, Movant attempted to meet his burden of pleading and proving timeliness by: (1) alleging that he was delivered to DOC on March 27, 2015; and (2) relying on the time-stamp showing his *pro se* motion was filed on July 16, 2015. During the proceeding before the motion court, however, Movant admitted that his motion was not filed within 180 days after he was delivered to DOC on October 12, 2012. According to Movant, however, his delivery in October 2012, for institutional treatment pursuant to § 217.785 as a special condition of probation, did not trigger the running of the 180-day time limit. Thus, the facts before the motion court were undisputed. The only issue was whether Movant's legal argument was correct.

The motion court decided that Movant's legal argument was not correct. We review that decision for clear error. Rule 24.035(k); **Cook**, 593 S.W.3d at 118. We start our analysis by examining the version of § 217.785 in effect in 2012.[3] In relevant part, § 217.785 stated:

> 1. As used in this section, the term **"Missouri postconviction drug treatment program"** means a program of noninstitutional and institutional correctional programs for the monitoring, control and treatment of certain drug abuse offenders.
>
> 2. The department of corrections shall establish by regulation the "Missouri Postconviction Drug Treatment Program". The program shall include

---

[3] Effective January 1, 2017, minor changes were made to this statute, but those amendments are not material here. *See* § 217.785 RSMo (2016).

noninstitutional and institutional placement. *The institutional phase of the program may include any offender under the supervision and control of the department of corrections.* The department shall establish rules determining how, when and where an offender shall be admitted into or removed from the program.

….

4. A probationer shall be eligible for assignment to the institutional phase of the postconviction drug treatment program if he has failed to complete successfully the noninstitutional phase of the program. If space is available, the sentencing court may assign the offender to the institutional phase of the program as a special condition of probation, without the necessity of formal revocation of probation.

5. The availability of space in the institutional program shall be determined by the department of corrections. If the sentencing court is advised that there is no space available, then the court shall consider other authorized dispositions.

6. Any time after ninety days and prior to one hundred twenty days after assignment of the offender to the institutional phase of the program, the department shall submit to the court a report outlining the performance of the offender in the program. If the department determines that the offender will not participate or has failed to complete the program, the department shall advise the sentencing court, who shall cause the offender to be brought before the court for consideration of revocation of the probation or other authorized disposition. If the offender successfully completes the program, the department shall release the individual to the appropriate probation and parole district office and so advise the court.

7. *Time spent in the institutional phase of the program shall count as time served on the sentence.*

*Id*. (bold emphasis in original; italics added).

As noted above, Movant was sentenced to be placed in Phase II of the § 217.785 post-conviction drug treatment program at DOC. Phase II is the institutional phase of the program. *See* **Reed v. State**, 114 S.W.3d 871, 874 (Mo. App. 2003). This phase of the program includes "any offender under the supervision and control of the department of corrections." § 217.785.2. Furthermore, "[t]ime spent in the institutional phase of the program shall count as time served on the sentence." § 217.785.7. After Movant was

sentenced, he was held in custody and then transferred to DOC on October 12, 2012. The December 20, 2012 report from the DOC facility in Farmington stated that Movant was participating in the § 217.785 Intensive Treatment Center Program with an expected completion date of January 29, 2013. Based upon our review of § 217.785, Movant was delivered to the custody of DOC, within the meaning of Rule 24.035(b), on October 12, 2012. Therefore, his Rule 24.035 *pro se* motion filed in July 2015 was untimely, and the motion court did not clearly err by dismissing it.

Our decision here is consistent with the well-established law that the time limitation for filing a Rule 24.035 motion begins to run upon the movant's initial delivery into the custody of DOC, even when the movant is remanded to enter a long-term drug treatment program and is released on probation at its completion. *See, e.g.*, *Henson v. State*, 518 S.W.3d 828, 832-33 (Mo. App. 2017) (§ 217.362 drug treatment program); *Murphy v. State*, 420 S.W.3d 567, 568-69 (Mo. App. 2013) (same); *Hall v. State*, 380 S.W.3d 583, 584-85 (Mo. App. 2012) (§ 559.115 drug treatment program); *Searcy v. State*, 103 S.W.3d 201, 206 (Mo. App. 2003) (§ 217.362 drug treatment program).[4]

After a review of the record, this Court is not left with the definite and firm impression that a mistake has been made. *See Booker*, 552 S.W.3d at 526. Therefore, the order dismissing Movant's *pro se* Rule 24.035 motion is affirmed.

JEFFREY W. BATES, C.J./P.J. – OPINION AUTHOR

---

[4] Movant's reliance on *Searcy* is misplaced. There, the western district of this Court held that the movant's delivery to DOC for placement in a § 217.362 drug treatment program started the running of the Rule 24.035 time limit. *Searcy*, 103 S.W.3d at 206. Our analysis of the language of § 217.785 convinces us that Movant was in the custody of DOC during his Phase II institutional drug treatment program, which triggered the running of the 180-day time limit to file his *pro se* Rule 24.035 motion.

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR