

# In the Missouri Court of Appeals
# Eastern District
## DIVISION THREE

| | | |
|---|---|---|
| FEST EDWARDS, | ) | No. ED103028 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis, Missouri |
| vs. | ) | 1422-CC09130 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Philip D. Heagney |
| | ) | |
| Respondent. | ) | Filed: March 22, 2016 |

## OPINION

Fest Edwards appeals the denial of his motion for post-conviction relief. Because Edwards's motion was untimely, we dismiss the appeal and remand the cause to the motion court with directions to enter an order dismissing Edwards's motion.

### Factual and Procedural Background

Edwards pled guilty to felony second-degree burglary and misdemeanor stealing arising out of an incident on January 30, 2011, where Edwards knowingly and unlawfully entered a building in the City of St. Louis for the purpose of committing a theft. Edwards stole a washer, a dryer, and a furnace, and some piping and ductwork from the property. Edwards was sentenced to twelve years in prison for second-degree burglary and one year for stealing. The sentences were ordered to run concurrently. The court suspended execution of these sentences and placed Edwards on probation for three years.

Edwards violated the terms of his probation, and on September 7, 2012, the court ordered Edwards to be placed in a 120-day program with the Missouri Department of Corrections pursuant to section 559.036.[1] Edwards was released from the program and the trial court placed Edwards on probation for an additional two years. However, Edwards again violated the terms of his probation, and on January 17, 2014, the trial court revoked Edwards's probation and ordered execution of his original sentence.

On July 7, 2014, Edwards filed his pro se motion for post-conviction relief pursuant to Rule 24.035. Edwards was appointed counsel and an amended Rule 24.035 motion was filed. On April, 21, 2015, the motion court denied Edwards's motion and this appeal follows.

**Discussion**

Unless an appeal is filed, Rule 24.035(b) requires a person seeking to correct, vacate, or set aside a judgment or sentence to file a motion within 180 days of the date the person is delivered to the custody of the Missouri Department of Corrections. The purpose of Rule 24.035 is to provide a prompt review of any deficiency in the judgment or sentence. *Swallow v. State*, 398 S.W.3d 1, 4 (Mo.banc 2013). As a result, the time limitations imposed are mandatory, strictly enforced, and may not be extended. *Hall v. State*, 380 S.W.3d 583, 585 (Mo.App.E.D. 2012). Thus, the failure to timely file results in a waiver of the right to proceed under Rule 24.035. *Id.*

The issue here is whether the 180-day limitation began to run in September 2012 when Edwards violated his probation the first time and was delivered to the custody of the Department of Corrections to complete the 120-day program or whether it began to run in January 2014 when the original sentences were ordered executed after his second probation violation. If the 180

---

[1] All statutory references are to RSMo (Supp. 2012) unless otherwise indicated.

days was triggered in September 2012, Edwards's Rule 24.035 motion was untimely. But if it was triggered in January 2014, his motion was timely.

We hold that the 180-day limitation began to run in September 2012 when Edwards was first delivered to the custody of the Department of Corrections to complete the 120-day program. *Id.* The fact that Edwards was placed in one of the Department's 120-day programs instead of simply being ordered to serve his sentences provides Edwards with no relief. *Id.* In both instances, Edwards was delivered to the custody of the Department of Corrections.

Therefore, since Edwards did not file his Rule 24.035 motion until July 7, 2014, his motion was untimely and he waived his right to proceed under Rule 24.035. Accordingly, we dismiss this appeal and remand the cause to the motion court with directions to enter an order dismissing Edwards's motion as untimely.

_____
James M. Dowd, Judge

Robert M. Clayton, III, P.J. and
Lawrence E. Mooney, J., Concur.

3