KURT S. ODENWALD, Judge
Introduction
The issue presented on appeal focuses on a recurring issue of the filing deadline for a motion for post-conviction relief in situations where an individual receives a suspended execution of sentence, serves a short period of time in the Missouri Department of Corrections ("DOC") as a requirement of probation, is released from the DOC and continued on probation, but is later returned to the DOC to serve the remainder of the suspended sentence when the probation is revoked.
Christopher D. Leigh ("Leigh") appeals from the motion court's dismissal of his Rule 24.035[1] motion for post-conviction relief. On appeal, Leigh argues that the motion court clearly erred in dismissing his Rule 24.035 motion without reviewing his substantive allegations because the motion was timely filed and properly contested Leigh's underlying convictions and sentences. Because the trial court's findings and conclusions that Leigh's motion was not a proper challenge to his underlying convictions and sentences are clearly erroneous, we reverse. We further remand this matter to the motion court, with instructions to proceed on the merits.
Factual and Procedural History
The State charged Leigh with four counts of aggravated stalking. Leigh pleaded guilty to the charged offenses. The plea court sentenced Leigh to four-year consecutive terms in prison for each of the counts, totaling sixteen years. The plea court suspended Leigh's sentences and placed him on probation for five years.
Leigh subsequently violated his probation. The plea court imposed a court ordered detention sanction, pursuant to Section 559.036,[2] and ordered Leigh to *78 participate in a 120-day program with the DOC. On December 19, 2016, Leigh was delivered to the DOC. Leigh completed the 120-day program, and the DOC released Leigh back on probation.
Leigh filed a pro se motion for post-conviction relief (the "Motion") on April 28, 2017. Within the Motion, Leigh alleged that he received ineffective assistance of counsel, entered his guilty plea under duress, and did not commit the charged offenses. The motion court appointed counsel.
The State moved to dismiss the Motion, before an amended motion was filed. On May 23, 2017, the motion court dismissed Leigh's Motion, finding that Leigh challenged a condition of his probation, which is not cognizable in post-conviction proceedings under Rule 24.035. Leigh now appeals.
Point on Appeal
In his sole point on appeal, Leigh alleges that the motion court clearly erred when it dismissed the Motion because the motion court incorrectly characterized his Motion as a challenge to his confinement pursuant to the court ordered detention sanction, and not a challenge to his underlying convictions and sentences. Leigh argues that he timely filed and properly challenged his convictions and sentences in his Motion.
Standard of Review
We will overturn the motion court's disposition in a Rule 24.035 motion if its findings of fact and conclusions of law are clearly erroneous. Hall v. State, 528 S.W.3d 360, 361 (Mo. banc 2017) ; Rule 24.035(k). The motion court's findings are clearly erroneous when, after reviewing the entire record, we are "left with the definite and firm impression that a mistake has been made." Stanley v. State, 420 S.W.3d 532, 539 (Mo. banc 2014) (internal citations omitted). The motion court's findings and conclusions are presumptively correct. Simmons v. State, 432 S.W.3d 306, 308 (Mo. App. E.D. 2014) (internal citations omitted).
Discussion
Leigh maintains that he timely and properly filed his Motion and thus the motion court should not have dismissed his Motion without considering the merits. The State concedes Leigh's point on appeal.
Rule 24.035(b) requires a person seeking to correct, vacate, or set aside a judgment or sentence following a guilty plea to file a motion within 180 days after the person is delivered to the custody of the DOC. "The purpose of Rule 24.035 is to provide a prompt review of any deficiency in the judgment or sentence." Edwards v. State, 484 S.W.3d 847, 849 (Mo. App. E.D. 2016) (citing Swallow v. State, 398 S.W.3d 1, 4 (Mo. banc 2013) ). To that end, the time restrictions in Rule 24.035 are mandatory, strictly enforced, and may not be extended. Hall v. State, 380 S.W.3d 583, 585 (Mo. App. E.D. 2012). "The motion court is compelled to dismiss late-filed motions." Stanley, 420 S.W.3d at 540.
Because Leigh was delivered to the DOC for the limited purpose of participating in a 120-day program after which he was to complete his probation, the motion court rejected Leigh's Motion, deeming the Motion to be outside the scope of Rule 24.035(b). We understand the reasoning of the motion court, but are guided by our prior decision in Edwards v. State, supra. In Edwards, the defendant pleaded guilty to burglary and stealing. 484 S.W.3d at 848. The defendant was sentenced and placed on probation. Id. Concurrent with a violation of his probation, the sentencing court ordered Edwards to participate in a *79 120-day program with the DOC pursuant to Section 559.036. Id. The defendant successfully completed the 120-day program, was released from the custody of the DOC, but was later returned to the DOC when he again violated the terms of his probation. Id. The sentencing court ordered the execution of the defendant's original sentence. Id. The defendant then filed a pro se motion for post-conviction relief pursuant to Rule 24.035 which was denied. Id. at 848-49. In Edwards, we held that the 180-day Rule 24.035 filing limitation began to run when the defendant first was delivered to the custody of the DOC to participate in the 120-day program. Id. at 849. "The fact that [the defendant] was placed in one of the [DOC's] 120-day programs instead of simply being ordered to serve his sentence provides [the defendant] with no relief. In both instances, [the defendant] was delivered to the custody of the [DOC]." Id. Thus, we remanded the case and ordered the motion court to enter an order dismissing the defendant's Rule 24.035 motion as untimely. Id.
We consistently apply the same analysis and reasoning here. Leigh was delivered to the DOC on December 19, 2016. Under the clear dictate of Rule 24.035(b) as previously written,[3] we disregard the reason why the Leigh was delivered into DOC's custody, but consider only the fact that he was remanded to the custody of DOC. See Edwards, 484 S.W.3d at 849. Thus, the Rule 24.035(b) 180-day limit to file a motion began to run on December 19, 2016. See id. Leigh filed his Motion on April 28, 2017, within 180 days of his delivery to the DOC. Accordingly, Leigh's filing complied with the Rule 24.035(b) time limitations. Id.; Rule 24.035(b).
The motion court dismissed Leigh's Motion because it found Leigh's delivery and confinement with the DOC to be the consequence of a court ordered detention-sanction, and not the result of his underlying convictions and sentences. However, a review of the Motion shows that Leigh presents a challenge to his underlying sentences and convictions, and not the probationary 120-day shock confinement. Moreover, the record shows that Leigh timely filed his Motion within 180 days after his confinement began. Leigh clearly met the requirements of Rule 24.035(b) when filing his Motion. After reviewing the record in its entirety, we are left with the definite and firm impression that the motion court mistakenly dismissed Leigh's Motion. See Stanley, 420 S.W.3d at 539.
Leigh further asks us to provide guidance as to the time limit for filing his Rule 24.035 amended motion following this opinion. Rule 24.035(g) states that an amended motion shall usually be filed:
within 60 days of the earlier of the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and: (1) [c]ounsel is appointed, or (2) [a]n entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
Although the motion court appointed counsel, it dismissed Leigh's Motion before appointed counsel filed an amended motion within the time allowed. As a result, no amended motion was ever filed. Justice requires that Leigh be given time commensurate with the time allowed by Rule 24.035(g) to file an amended motion.
*80 Conclusion
The judgment of the motion court is reversed. We remand this case with instructions for the motion court to allow Leigh sixty days from the entry of the mandate in this matter to file an amended motion, and subsequently, to proceed with the action accordingly.
Robert G. Dowd, Jr., P.J., concurs.
Sherri B. Sullivan, J., concurs.

All Rule references are to Mo. R. Grim. P. (2017) unless otherwise noted.

All Section references are to RSMo (Supp. 2014).

The Missouri Supreme Court recently amended Rule 24.035(b). Rule 24.035(b) currently states that "[i]f no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of the date the sentence is entered." Mo. R. Crim. P. R. 24.035(b) (2018). As such, the date that a defendant is taken into custody by the DOC is no longer used to calculate a motion's timely filing under Rule 24.035(b).