James M. Dowd, Judge
Joshua Miley appeals the denial without an evidentiary hearing of his Rule 24.035[1] motion for post-convict ion relief. Miley claims that the motion court clearly erred because his sentence of seven years' imprisonment for committing the class C felony of stealing was unlawful under the Missouri Supreme Court's decision in State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016). Because Miley's motion was untimely, however, we dismiss this appeal and remand the cause to the motion court with directions to enter an order dismissing Miley's motion.
Factual and Procedural Background
In January 2012, Miley pleaded guilty pursuant to a plea deal to one count of the class C felony of stealing. In exchange for his plea, the State recommended that imposition of Miley's sentence be suspended and that he be ordered to spend five years on probation. The court accepted Miley's plea and placed him on probation in accordance with the plea agreement.
Little over a year later, Miley violated the terms of his probation. His probation was revoked and he was sentenced to seven years' imprisonment. However, the court suspended execution of that sentence and again placed him on probation.
*99 In November 2015, Miley again violated his probation. Pursuant to § 559.036.4[2] , the court ordered Miley to complete the 120-day Court-Ordered Detention Sanctions (CODS) program, and Miley was delivered to the Missouri Department of Corrections (DOC). Miley failed to complete the CODS program, and in May 2016 his probation was revoked and his sentence executed. Later that month he was delivered to DOC for the second time.
In October 2016, Miley filed a pro se Rule 24.035 motion for post-conviction relief. He subsequently filed an amended motion, as well, which the court denied on the merits in November 2017.
Discussion
Unless an appeal is filed, Rule 24.035(b) requires a person seeking to correct, vacate, or set aside a judgment or sentence following a guilty plea to file a motion within 180 days after the person is delivered to the custody of the DOC.[3] Leigh v. State , 551 S.W.3d 76, 78 (Mo.App.E.D. 2018) (citing the 2017 version of the rule in effect here and in that case). The purpose of Rule 24.035 is to provide a prompt review of any deficiency in the judgment or sentence. Id. (citing Edwards v. State , 484 S.W.3d 847, 849 (Mo.App.E.D. 2016) ). To that end, the time restrictions in Rule 24.035 are mandatory, strictly enforced, and may not be extended. Id. (citing Hall v. State , 380 S.W.3d 583, 585 (Mo.App.E.D. 2012) ). The motion court is compelled to dismiss untimely-filed motions. Id. (citing Stanley v. State , 420 S.W.3d 532, 540 (Mo.banc 2014) ).
Indeed, if the movant does not file the Rule 24.035(b) motion in a timely fashion, the result is a complete waiver of the right to proceed under the rule, and neither the motion court nor the appellate court has authority to consider the merits of a claim raised in an untimely-filed post-conviction motion. State v. Gibbs , 418 S.W.3d 522, 524 (Mo.App.E.D. 2013).
The issue here is whether the 180-day limitation began to run in November 2015 when Miley violated his probation and was delivered to the DOC to complete the 120-day CODS program, or whether it began to run in May 2016 when his sentence was ordered executed after he failed to complete the CODS program. If the 180 days was triggered in November 2015, then Miley's motion was untimely. But if the 180 days was triggered in May 2016, his motion was timely.
We hold that the 180-day limitation began to run in November 2015 when Miley was first delivered to the DOC to complete the 120-day CODS program. This case is just like Edwards , where we held that a movant's initial delivery to the DOC-even if just to complete a 120-day program pursuant to § 559.036-triggered the 180-day period to file a Rule 24.035 motion. 484 S.W.3d at 849. Here, as in Edwards , the fact that the movant was placed in one of the DOC's 120-day programs instead of simply being ordered to serve his sentence provides him with no relief. Unquestionably, Miley was delivered to the DOC in November 2015.
Therefore, since Miley did not file his Rule 24.035 motion until October 2016, his motion was untimely and he waived the *100 right to proceed under Rule 24.035.[4] Accordingly, we dismiss this appeal and remand the cause to the motion court with directions to enter an order dismissing Miley's motion as untimely.
Sherri B. Sullivan, P.J., and Lawrence E. Mooney, J., concur.

All rules references are to the Missouri Supreme Court Rules (2017).

All statutory references are to RSMo 2016.

The Missouri Supreme Court recently amended Rule 24.035(b). Rule 24.035(b) now states that "[i]f no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of the date the sentence is entered." Rule 24.035(b) (2018). As a result, the date that a defendant is taken into custody by the DOC is no longer used to calculate whether a motion is timely filed under Rule 24.035(b).

We are unpersuaded by Miley's argument that even if his motion was untimely, his failure to comply with the strictures of Rule 24.035(b) should be excused because the motion court misinformed him as to those requirements. We find in the record no inaccurate statement by the court regarding the 180-day limitation for him to file his motion, and as Miley acknowledges, no simple failure by the court to provide information about the deadline would entitle him to relief. See Hawkins v. State , 807 S.W.2d 214, 214-15 (Mo.App.W.D. 1991) (holding that while Rule 29.07(b)(4) indicates that the court should inform the movant of the right to file a Rule 24.035 or 29.15 motion, the motion court's failure to advise the movant of the deadline to file such a motion does not excuse its untimely filing).