

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| JACOB A. BERGNER, | ) | No. ED106674 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Francois County |
| vs. | ) | 17SF-CC00186 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Wendy W. Horn |
| | ) | |
| Respondent. | ) | Filed: February 26, 2019 |

### OPINION

Jacob Bergner appeals the denial without an evidentiary hearing of his Rule 24.035[1] motion for post-conviction relief based on a single allegation of ineffective assistance of counsel. He contends that the motion court clearly erred by failing to find that counsel was ineffective because he claims counsel misrepresented to him that he would not have to serve his sentences if his probation were revoked. We find no clear error because Bergner failed to plead facts, not conclusions, warranting relief, and failed to raise allegations that resulted in prejudice. Thus, no evidentiary hearing was required.

### Factual and Procedural Background

Bergner was charged in the Circuit Court of St. Francois County with ten counts of forgery, and on May 20, 2016, he pleaded guilty to two of the counts pursuant to a plea agreement. In

---

[1] All rules references are to the Missouri Supreme Court Rules (2018).

exchange for Bergner's guilty pleas, the State dismissed the other eight counts and recommended that Bergner be given two suspended sentences of seven years to run consecutively for a total of 14 years but that he be placed on supervised probation for five years. Forgery was classified then as a C felony, and the maximum allowable sentence for a class C felony under § 558.011.1(3)[2] was seven years' imprisonment.

The plea court accepted the State's sentencing recommendations and placed Bergner on five years of supervised probation.

On December 23, 2016, Bergner appeared before the court to face allegations that he had violated his probation. The court declined to revoke Bergner's probation. However, the court imposed against Bergner a court-ordered detention sanction (CODS) under § 559.036.4. The court stated at the hearing, "Since this is a CODS commitment it is unnecessary to review with [Bergner] his PCR rights."

Within a few weeks, Bergner was delivered to the custody of the department of corrections (DOC) for his commitment to the CODS program. After he failed to successfully complete the program, the court revoked his probation on June 23, 2017 and ordered the previously-imposed pair of seven-year sentences executed. The court then advised Bergner of his right under Rule 24.035 to file a motion for post-conviction relief.

On September 25, 2017, Bergner filed his *pro se* Rule 24.035 motion. And on February 15, 2018, counsel filed an amended motion on Bergner's behalf. Bergner's amended motion claimed that counsel was ineffective because, allegedly, counsel misrepresented to Bergner that he would not have to serve his sentences if his probation were revoked.

---

[2] All statutory references are to RSMo 2016 unless otherwise indicated.

On March 23, 2018, the motion court denied Bergner's amended motion without an evidentiary hearing. This appeal follows.

## Standard of Review

We review the denial of a Rule 24.035 motion for post-conviction relief only to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Dorsey v. State*, 448 S.W.3d 276, 282 (Mo.banc 2014). Findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Swallow v. State*, 398 S.W.3d 1, 3 (Mo.banc 2013). We presume that the motion court's findings are correct. *Chaney v. State*, 323 S.W.3d 836, 841 (Mo.App.E.D. 2010).

Moreover, an evidentiary hearing is not warranted for every Rule 24.035 motion. Rule 24.035(h); *see Whitehead v. State*, 481 S.W.3d 116, 122 (Mo.App.E.D. 2016). To be entitled to an evidentiary hearing, the movant's motion must (1) allege facts, not conclusions, warranting relief; (2) raise factual matters that are not refuted by the file and record; and (3) raise allegations that resulted in prejudice. *Id.* Courts will not draw factual inferences or implications in a post-conviction motion from bare conclusions or from a prayer for relief. *See Johnson v. State*, 406 S.W.3d 892, 898 (Mo.banc 2013) (elucidating this principle with respect to Rule 29.15 motions).

## Discussion

I.  *Bergner's Rule 24.035 motion was untimely filed, but we excuse its untimeliness and consider its merits because we find the circuit court misinformed Bergner about the appropriate deadline to file his motion and he was entitled to rely upon that misinformation when determining the filing deadline.*

Before we proceed to the merits of Bergner's Rule 24.035 motion, we must first address whether the untimeliness of its filing may be excused. A court cannot review the merits of any claims asserted for the first time in an untimely post-conviction relief pleading. *Robinson v. State*,

3

423 S.W.3d 816, 818 (Mo.App.W.D. 2014). But an untimely post-conviction motion will be excused when the circuit court misinforms a defendant about the appropriate deadline to file his or her motion. *Watson v. State*, 520 S.W.3d 423, 434 (Mo.banc 2017).

There is no dispute that Bergner's motion was untimely filed. The only question here, then, is whether the circuit court misinformed Bergner about the appropriate deadline to file his motion such that he was entitled to rely upon that misinformation when determining the filing deadline. We find that it did.

The parties agree that the probation revocation hearing on December 23, 2016, at which the circuit court ordered Bergner committed to a CODS program under § 559.036.4, was the proper occasion for the court to inform Bergner that he would have 180 days to file a motion for post-conviction relief upon his delivery to the DOC for the CODS commitment. Rule 24.035 as previously written and applicable here[3] states that a person seeking to correct, vacate, or set aside a judgment or sentence following a guilty plea under the rule must file their motion within 180 days after the person is delivered to the custody of the DOC. Because Bergner was to be delivered to the DOC pursuant to the CODS commitment, and it is the movant's *initial* delivery to the DOC—*even if* just to complete a 120-day program pursuant to § 559.036—that triggers the 180-day period to file a Rule 24.035 motion under the applicable version of the rule, *Miley v. State*, 559 S.W.3d 97, 99 (Mo.App.E.D. 2018), the court should have informed Bergner that he was about to enter his 180-day window.

---

[3] The Missouri Supreme Court recently amended Rule 24.035(b). Rule 24.035(b) currently states that "[i]f no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of the date the sentence is entered." Mo. R. Crim. P. R. 24.035(b) (2018). As such, the date that a defendant is taken into custody by the DOC is no longer used to calculate a motion's timely filing under Rule 24.035(b).

During the probation revocation hearing, however, the court incorrectly asserted, "Since this is a CODS commitment it is unnecessary to review with [Bergner] his PCR rights." The court thus misinformed Bergner about the deadline for filing his motion, because the court should have advised him that *the CODS commitment triggered the running* of the 180 days to file his Rule 24.035 motion, but the court instead suggested mistakenly that *the fact Bergner was being ordered committed to a CODS program* meant that his post-conviction rights were *not* at issue.

Because the opposite was true, we cannot join the State in characterizing as the mere "absence of advice" the court's affirmative misrepresentation that the hearing was not the critical time to inform Bergner of his post-conviction rights. Moreover, we find Bergner reasonably and justifiably relied on the court's misinformation in calculating that the deadline had not yet passed when he filed his *pro se* Rule 24.035 motion on September 25, 2015, after he failed to successfully complete the CODS program and his prison sentence was executed, and he was delivered to the DOC for the second time in late June 2017. Consequently, we find that the untimely filing of Bergner's motion is excused, and we proceed to the merits of this appeal.

II. *The motion court did not clearly err by denying without an evidentiary hearing Bergner's Rule 24.035 motion—Bergner failed to plead facts, not conclusions, warranting relief.*

In his sole point on appeal, Bergner asserts that counsel rendered ineffective assistance by misrepresenting to him that he would not have to serve his sentences if his probation were revoked. We find that Bergner failed to plead facts, not conclusions, warranting relief, and failed to raise allegations that resulted in prejudice. Thus, no evidentiary hearing was required.

We apply the two-part *Strickland* test to ineffective-assistance-of-counsel claims for post-conviction relief. *Johnson*, 406 S.W.3d at 898 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To be entitled to relief, the movant must show by a preponderance of the evidence that

5

(1) his counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation and (2) he was prejudiced by that failure. *Id.* at 898-99.

To show prejudice, the movant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* More specifically, where there is a guilty plea, the movant must show that there is a reasonable probability that but for counsel's ineffectiveness, the movant would not have pleaded guilty and would have demanded a trial. *See Lynn v. State*, 417 S.W.3d 789, 799-800 (Mo.App.E.D. 2013).

Bergner claimed in his amended motion that counsel misrepresented to and misadvised him that he would not have to serve his sentences if his probation were revoked. He argues that this case is like *Johnson v. State*, 318 S.W.3d 313 (Mo.App.E.D. 2010), where this Court held a defendant's guilty plea was unknowing and involuntary because it was based on a mistaken belief about its consequences that was (1) reasonable and (2) based upon a positive misrepresentation by counsel upon which the defendant was entitled to rely. *Id.* at 318-20.

But Bergner, unlike the defendant in *Johnson*, has failed to support with any facts or evidence his bare conclusion that counsel made a *positive misrepresentation* on which he was entitled to rely. Bergner has merely claimed in his motion that "counsel did not clearly explain" to, or "fully advise," him that if his probation were revoked, he would have to serve his sentences. Of course, counsel's alleged failure to provide clear advice as to every detail of a guilty plea in no way rises to the level of a positive misrepresentation on which Bergner was entitled to rely.

Moreover, Bergner has failed to raise allegations that resulted in prejudice. Here, Bergner entered a plea agreement pursuant to which the State dismissed *eight* of the ten counts against him and recommended that he be given *probation*—i.e., an opportunity to *completely avoid* serving any prison time—with suspended sentences on the two remaining counts. A suspended sentence

6

with probation is generally more favorable to a defendant even than a lesser sentence without probation because they can avoid serving any prison time by complying with the conditions of probation. *Vanzandt v. State*, 212 S.W.3d 228, 232 (Mo.App.S.D. 2007). Especially here, where the State signaled its perception of the seriousness of Bergner's offenses by recommending that Bergner's suspended sentences be to the *maximum terms of imprisonment allowable*—and then the plea court imposed those very sentences—it is doubtful that Bergner could have obtained any more favorable result if he had demanded a trial. Accordingly, the court did not clearly err by rejecting Bergner's assertion that he would have insisted on a trial.

## Conclusion

For the reasons stated above, we affirm the judgment of the motion court.

_____
James M. Dowd, Judge

Sherri B. Sullivan, P.J., and
Lawrence E. Mooney, J., concur.

7