

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| DIONNE L. GATLING, JR., | ) | No. ED107695 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| v. | ) | Cause No. 1711-CC00001 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Deborah J. Alessi |
| | ) | |
| Respondent. | ) | Filed: October 29, 2019 |

## Introduction

Dionne L. Gatling, Jr. (Movant) appeals the judgment denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. We vacate the judgment with directions to dismiss the Rule 24.035 motion because Movant's pro se motion was untimely.

## Background

On May 27, 2015, Movant pled guilty to stealing a motor vehicle in violation of Section 570.030.[2] The trial court sentenced Movant to seven years imprisonment, suspended execution of sentence, and placed Movant on probation for five years.

---

[1] All rule references are to Mo. R. Crim. P. (2014) unless otherwise indicated.
[2] All statutory references are to RSMo. Cum. Supp. (2014).

The Board of Probation and Parole subsequently filed several reports stating that Movant was violating his probation. On February 18, 2016, the trial court continued Movant's probation but ordered Movant to participate in a Court Ordered Detention Sanction (CODS) 120-day program pursuant to Section 559.036.

On April 13, 2016, the Board of Probation and Parole prepared a "COURT REPORT INVESTIGATION" (Court Report) regarding Movant's participation in the CODS program. The Court Report lists Movant's disciplinary violations. The first violation listed occurred on March 8, 2016 at the Fulton Reception and Diagnostic Center (FRDC), a Missouri Department of Corrections (DOC) facility. Thus, Movant was delivered to the DOC on or before March 8, 2016. The Court Report further states that between March 10, 2016 and April 7, 2016 Movant had four additional disciplinary violations that occurred at FRDC and Cremer Therapeutic Community Center. Because of Movant's behavior he was removed from the program.

On July 28, 2016, the trial court revoked Movant's probation and executed the previously imposed sentence of seven years imprisonment. On December 29, 2016, Movant filed a pro se Rule 24.035 motion. Movant alleged he was delivered to the DOC on August 4, 2016. Movant through appointed counsel filed an amended Rule 24.035 motion. In his sole claim, Movant alleged that based on the holding in State v. Bazell, 497 S.W.3d 263 (Mo. banc 2016) his stealing conviction should have been classified as a class A misdemeanor, not enhanced to a class C felony, and that his maximum sentence should be one year.

2

The motion court addressed the merits of Movant's claim and found that Bazell did not apply. The motion court denied Movant's amended motion without an evidentiary hearing. This appeal follows.

## Discussion

The time restrictions set forth in Rule 24.035 are "mandatory, strictly enforced, and may not be extended." Miley v. State, 559 S.W.3d 97, 99 (Mo. App. E.D. 2018). A movant's failure to timely file a pro se Rule 24.035 motion constitutes a complete waiver of the movant's right to proceed with the post-conviction motion. Rule 24.035(b); id.

Rule 24.035(b) provided if no appeal of the "judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the [DOC]."[3] The law is well settled that the time limitations for filing a motion for post-conviction relief starts upon a movant's initial delivery to the custody of the DOC. Hall v. State, 380 S.W.3d 583, 585 (Mo. App. E.D. 2012). Further, the 180-day limitation begins to run when a movant is first delivered to the DOC to complete the 120-day CODS program. Bergner v. State, 568 S.W.3d 547, 550 (Mo. App. E.D. 2019); Miley, 559 S.W.3d at 99. "[A] movant's initial delivery to the DOC—even if just to complete a 120-day program pursuant to [Section] 559.036—trigger[s] the 180-day period to file a Rule 24.035 motion." Miley, 559 S.W.3d at 99 (interpreting Mo. R. Crim. P. (2017)).

Based on the Court Report, Movant was delivered to the DOC on or before March 8, 2016. Movant's filing of his pro se Rule 24.035 motion at least 296 days later on December 29, 2016 was untimely.

---

[3] The Missouri Supreme Court amended Rule 24.035, effective January 1, 2018. The rule now provides if no appeal of the judgment or sentence is taken "the motion shall be filed within 180 days of the date the sentence is entered." Rule 24.035(b) Mo. R. Crim. P. (2018) (emphasis added).

3

There are three recognized exceptions to the time limits under Rule 24.035(b): (1) when the motion was timely delivered to the court, but the court lost or misfiled the motion; (2) when post-conviction counsel abandoned the movant, i.e. acted improperly or failed to act to the movant's detriment; and (3) in very rare circumstances where an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court. Greenleaf v. State, 501 S.W.3d 911, 913 (Mo. App. E.D. 2016). Here, Movant did not allege that any of the three exceptions apply. Accordingly, Movant failed to meet his burden of demonstrating that his untimely filing is subject to one of the exceptions. McPherson v. State, 406 S.W.3d 112, 114 (Mo. App. E.D. 2013) (citations omitted).

## Conclusion

The judgment is vacated and the cause remanded with directions to dismiss Movant's Rule 24.035 motion.

Gary M. Gaertner, Jr., Judge

James M. Dowd, P.J. and
Robin Ransom, J., concur.

4