

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| JASON D. PALMER, | ) | No. ED109781 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis City |
| v. | ) | Cause No. 2022-CC00972 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Steven R. Ohmer |
| | ) | |
| Respondent. | ) | Filed: April 19, 2022 |

## Introduction

Jason Palmer appeals the circuit court's judgment denying his Rule 24.035 motion without an evidentiary hearing. Because Palmer's *pro se* motion was untimely, we vacate the judgment and remand to the circuit court with directions to dismiss Palmer's motion.

## Factual and Procedural Background

Palmer pleaded guilty to three charges: unlawful possession of a firearm (Count I), felony resisting arrest (Count II), and second-degree tampering (Count III). On August 31, 2016, the circuit court sentenced Palmer to consecutive terms of imprisonment in the Missouri Department of Corrections ("DOC") for seven years on Count I and three years on Count II. For Count III, the circuit court sentenced Palmer to time served. The circuit court suspended execution of Palmer's sentences and placed him on supervised probation for three years.

On January 19, 2017, Palmer was back before the circuit court for a hearing on the State's allegations that he violated the terms of his probation. During the hearing, the circuit court ordered that Palmer complete the court-ordered detention sanction program ("CODS") pursuant to § 559.036, RSMo. 2016. The record before this Court does not contain a transcript of the January 19 hearing, and counsel agree that no written record was created. On February 14, 2017, Palmer entered the CODS program at Farmington Correctional Center. Palmer completed the program on May 23, 2017, and the court released him on probation.

On March 6, 2020, the circuit court held another probation violation hearing and found that Palmer again violated the terms of his probation. The record from this hearing reflects that Palmer was informed by the sentencing court of the right to seek postconviction relief under Rule 24.035. After the hearing, the circuit court revoked Palmer's probation and executed the previously suspended sentences. On March 20, 2020, Palmer was again delivered to the custody of the DOC.

Palmer filed his *pro se* Rule 24.035 motion for postconviction relief on May 12, 2020. The circuit court appointed counsel to represent Palmer, and Palmer's counsel timely filed an amended motion. Palmer's amended motion conceded that his *pro se* motion was not timely filed within 180 days of his delivery to the DOC, but Palmer argued that the late filing should be excused because the circuit court did not inform him of Rule 24.035's time-limitations as required by Rule 29.07(b)(4).

The circuit court allowed Palmer's untimely filed motion, finding that Palmer's motion was late through no fault of his own. The circuit court then denied Palmer's claim without an evidentiary hearing. This appeal follows.

**Standard of Review**

2

This Court reviews the denial of a Rule 24.035 motion for postconviction relief to determine whether the circuit court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Bergner v. State*, 568 S.W.3d 547, 549 (Mo. App. E.D. 2019). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Watson v. State*, 520 S.W.3d 423, 428 (Mo. banc 2017) (quoting *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013)).

**Discussion**

Before reaching the merits of Palmer's appeal, we must first address the timeliness of his initial *pro se* motion. Our analysis is guided by the version of Rule 24.035 in effect when Palmer's sentence was imposed in August of 2016. Rule 24.035(m). That version of the Rule required a defendant seeking to correct, vacate, or set aside a judgment or sentence following a guilty plea to file an initial Rule 24.035 motion within 180 days of the date the defendant was delivered to the custody of the DOC. Rule 24.035(b); *Miley v. State*, 559 S.W.3d 97, 99 (Mo. App. E.D. 2018).[1]

"[I]f the movant does not file the Rule 24.035(b) *pro se* motion in a timely fashion, the result is a complete waiver of the right to proceed under the rule, and neither the [circuit] court nor the appellate court has authority to consider the merits of a claim raised in an untimely-filed postconviction motion." *Miley*, 559 S.W.3d at 99. The time restrictions in Rule 24.035 (2016) were, and continue to be, mandatory and strictly enforced. *Id.* Thus, the circuit court is compelled to dismiss untimely *pro se* motions. *Id.* (citing *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014)).

---

[1] Rule 24.035(b) was amended effective January 1, 2018, to make the *pro se* motion due within 180 days of the date sentence is entered. As a result of the amendment, the date that a defendant is delivered to the custody of DOC is no longer relevant to the calculation of time in which to file the initial Rule 24.035 motion.

Palmer was delivered to the custody of the DOC on February 14, 2017, to complete his CODS program. Delivery to the CODS program constitutes delivery to the DOC triggering the 180-day period to file a Rule 24.035 motion under the applicable version of the rule. *Bergner*, 568 S.W.3d at 550 (noting that it is the movant's initial delivery to the DOC that triggers the 180-day period—even if just to complete the 120-day CODS program pursuant to § 559.036). Accordingly, Palmer had to file his *pro se* motion on or before August 13, 2017. Palmer did not file his *pro se* motion until May 12, 2020. Therefore, pursuant to Rule 24.035(b), Palmer's initial *pro se* motion was untimely.

The question before this Court is whether the untimeliness of Palmer's motion should be excused. A movant who seeks to excuse an untimely filing must allege facts proving by a preponderance of the evidence that the case falls within a recognized exception to the time limits. *Watson*, 520 S.W.3d at 429. While neither Rule 24.035 nor 29.15 "carve out exceptions that excuse late filings, Missouri courts recognize two exceptions: '(1) when post-conviction counsel abandons the movant; and (2) when rare circumstances outside the movant's control justify the late receipt of the motion.'" *Id.* (quoting *Moore v. State,* 328 S.W.3d 700, 702 (Mo. banc 2010)).

Palmer does not claim that postconviction counsel abandoned him, nor is such an exception available to Palmer here. In *Price v. State*, the Supreme Court of Missouri clarified that the abandonment doctrine does not apply to *initial* postconviction motions. 422 S.W.3d 292, 298-301 (Mo. banc 2014). *Price* reiterated that a movant cannot rely on the misadvice, inattention, or ineffectiveness of postconviction counsel to excuse an untimely initial motion. *Id.* As a result, that avenue is foreclosed to Palmer here.

Palmer was, therefore, required to demonstrate that he fell under the second recognized exception. A movant falls within this exception only if the movant "takes every step he reasonably

can within the limitations of his confinement to see that the motion is filed on time" but "the active interference of a third party beyond the inmate's control frustrates those efforts and renders the inmate's motion untimely." *Id.* at 302.

Palmer argues that his late filing should be excused because the circuit court failed to inform him of his right to proceed under Rule 24.035 as required by Rule 29.07(b)(4). Rule 29.07(b)(4) states that "[i]f a defendant has a right to proceed under Rule 24.035 or Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right[.]" Palmer alleged in his amended motion that he was not informed of the right to proceed under Rule 24.035 at the time of his initial sentencing or when he was ordered to complete the CODS program. Instead, Palmer alleges that the circuit court did not inform him of his rights under Rule 24.035 until the court revoked his probation on March 6, 2020, at which point it was too late.

Palmer's argument has already been rejected by multiple Missouri appellate courts. It is now well established that a movant is not entitled to relief from the mandatory time limitations of Rule 24.035 based solely on the circuit court's failure to inform a movant about his or her right to proceed under Rule 24.035. *Watson*, 520 S.W.3d at 429-30 (collecting cases). Though Rule 29.07(b)(4) obligates the circuit court to inform a movant of the right to a Rule 24.035 motion, nothing in the rules or case law provides that a failure to do so overrides the mandatory time limitations. *Id.* at 430 (citing *Reed v. State*, 781 S.W.2d 573, 573 (Mo. App. E.D. 1989)). "In addition, the rule does not require the sentencing court to specifically advise defendant of the . . . time limit." *Id.* As a result, Palmer cannot demonstrate that he falls within the second exception.

A third exception to Rule 24.035(b) time limits has developed for the rare circumstance when a circuit court actively misinforms the defendant of the deadlines for filing the initial *pro se* motion. When the circuit court "misinforms a defendant about the appropriate deadlines to file his

or her motion during the sentencing colloquy," that misinformation can operate to excuse an untimely postconviction motion. *Watson*, 520 S.W.3d at 434. In that vein, Palmer directs this Court to *Bergner v. State*, 568 S.W.3d 547 (Mo. App. E.D. 2019). *Bergner* involved a movant who was sentenced to probation, ordered to complete the CODS program, and then ultimately had his probation revoked and his sentence executed. *Id.* at 550. When the circuit court ordered the movant to complete the CODS program, the court stated that "[s]ince this is a CODS commitment it is unnecessary to review with [Bergner] his PCR rights." *Id.* This court excused the subsequent untimely filing of the movant's Rule 24.035 motion, holding that the court's statement constituted an "affirmative misrepresentation" regarding the deadline to file the motion. *Id.*

*Bergner* is distinguishable from Palmer's case. The movant in *Bergner* was actively misinformed by the court, which affirmatively misrepresented that Rule 24.035 was not at issue. Palmer, on the other hand, received no information at all. This is where the Supreme Court of Missouri has drawn the line. *Watson*, 520 S.W.3d at 429-34. In the absence of an affirmative misrepresentation, the circuit court's failure to inform a movant of his or her rights under Rule 24.035 will not excuse a tardy postconviction motion. *Id.* at 430. Because Palmer does not assert an affirmative misrepresentation, *Bergner* does not control.

In his reply brief, Palmer asks this Court to reevaluate the law with respect to the circumstances of this case. In particular, Palmer notes that the circuit court did not make a record of the probation revocation proceeding in which he was ordered to complete the CODS program. Palmer suggests that, had the Court made a record, it is *possible* that there *may* have been a statement made during that proceeding that would change the outcome of this case.

Though the absence of a record is unfortunate, we see no reason it warrants a reexamination of the law. Palmer asserted in his amended motion that he was *not informed* of his right under Rule

6

24.035 at this proceeding. The State does not dispute this allegation, and throughout this opinion, we have assumed it to be true. If Palmer had alleged facts showing that he was misinformed by the circuit court about the deadline for his Rule 24.035 motion, then our analysis regarding the absence of a record may be different. But given that Palmer has not identified an affirmative misrepresentation made to him by the circuit court that actually caused him to file his motion in an untimely manner, we see no reason to indulge in speculation. Consistent with the controlling case law, and even assuming the court did not inform Palmer of his Rule 24.035 rights, Palmer's untimely filing cannot be excused.

## Conclusion

Because there is no recognized exception that permits us to excuse Palmer's untimely filing, the judgment is vacated and the case is remanded to the motion circuit court with instructions to dismiss Palmer's Rule 24.035 motion.

_____
John P. Torbitzky, J.

Kurt S. Odenwald, P.J., and
Kelly C. Broniec, J., concur.