

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| JOSHUA B. BAKER, | ) | No. ED112357 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | |
| | ) | Honorable Wendy L. Wexler Horn |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: November 19, 2024 |

Joshua B. Baker ("Movant") appeals the judgment denying, without an evidentiary hearing, his Rule 24.035[1] amended motion for post-conviction relief. Movant's amended motion alleged facts showing that his plea counsel affirmatively misadvised him about parole eligibility and that, but for the incorrect advice, Movant would not have pleaded guilty and would have insisted on a trial. Because those facts are not conclusively refuted by the record, Movant is entitled to an evidentiary hearing. We reverse and remand.

## Background

The State charged Movant with possession of a controlled substance, failure to register as a sex offender, resisting arrest and possession of drug paraphernalia. He pleaded guilty to the first three of those charges pursuant to an agreement with the State. Movant signed a petition to enter a plea of guilty in which he confirmed that he was not relying on any "promises, agreements or

---

[1] All rule references are to the Missouri Supreme Court Rules (2023).

suggestions made by anyone at any time" other than in the plea agreement. He also circled "yes" next to the following statement: "I am not relying upon anyone's promise or representation that if I am committed to the Department of Corrections, I will serve any less time of incarceration than the time specified in the actual sentence of incarceration that may be imposed in this case." The plea petition signed by Movant made no reference to parole eligibility. At the plea and sentencing hearings, Movant acknowledged that he was not relying on any promises, agreements or special deals other than the plea agreement and that no one had communicated any threats, pressures or promises to induce him to plead guilty. There was no discussion at the plea and sentencing hearings regarding parole eligibility. The plea court accepted Movant's guilty pleas and sentenced him in accordance with the plea agreement to three concurrent terms of imprisonment, totaling seven years.

Movant filed a pro se Rule 24.035 motion seeking post-conviction relief, and appointed counsel filed an amended motion alleging that Movant's plea counsel was ineffective "for misinforming [him] about the mandatory minimum percentage he would have to serve before being eligible for parole." Movant alleged that he only accepted the State's plea offer "because he was under the impression that he would be eligible for parole after he served only fifty percent of his sentence" based on "an affirmative misrepresentation by his plea counsel." In reality, because Movant has had "three or more previous prison commitments," he is required to serve eighty percent of his sentence for resisting arrest[2] before he will be eligible for parole. *See* section 558.019.2(3), RSMo (Cum. Supp. 2019). Movant specifically alleged that he "did not believe he was entitled to release on parole after serving fifty percent of his sentence, only that he would be eligible for such release." He also averred that he pleaded guilty "because of the affirmative

---

[2] Resisting or interfering with an arrest, as set forth in section 575.150, is the only one of Movant's offenses to which the eighty percent rule applies. *See* section 588.019.2.

2

misrepresentation by plea counsel that he would only have to serve fifty percent of his sentence before being eligible for parole" and that "had he not been provided erroneous information, he would have rejected the plea offer and proceeded to trial."

The State filed a motion to dismiss the amended motion without an evidentiary hearing, claiming that Movant's statements at the plea and sentencing hearings refuted his claim. Specifically, the State asserted that the plea court asked Movant "numerous times whether he was relying on any promise, agreements, or special deals when entering into the guilty plea" and Movant never claimed "that he was relying on a promise from his plea counsel that he would be eligible for parole after he served only fifty percent of his sentence." After an oral argument on the motion, the motion court denied Movant's claim without an evidentiary hearing. This appeal follows.

### Standard of Review

Our review of the denial of a Rule 24.035 motion is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011); Rule 24.035(k). A judgment is clearly erroneous when, "upon review of the complete record, there is a definite and firm impression that a mistake has been made." *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021) (internal quotation marks and citation omitted).

### Discussion

In his sole point on appeal, Movant contends the motion court clearly erred in denying his claim without an evidentiary hearing. We agree.

"A motion court is only empowered to deny a Rule 24.035 motion without an evidentiary hearing when the motion and the files and records of the case conclusively show that the movant is entitled to no relief." *Fisher v. State*, 192 S.W.3d 551, 554 (Mo. App. S.D. 2006) (internal

3

quotation marks and citations omitted); Rule 24.035(h). An evidentiary hearing is required when (1) the movant has pleaded facts, not conclusions, warranting relief; (2) the record does not refute the alleged facts; and (3) the matters complained of resulted in prejudice. *Webb*, 334 S.W.3d at 128. A movant claiming ineffective assistance of counsel must allege facts showing that counsel's performance was objectively unreasonable and the deficient performance resulted in prejudice. *Forman v. State*, 661 S.W.3d 43, 46 (Mo. App. E.D. 2023).

"A guilty plea waives any claim of ineffective assistance of counsel except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Id.* (internal quotation marks and citation omitted). Parole eligibility is a collateral consequence of a guilty plea; "thus, information about eligibility for parole is not among those direct consequences about which a defendant must be informed in order for the plea to be entered voluntarily and intelligently." *Bryant v. State*, 316 S.W.3d 503, 510 (Mo. App. E.D. 2010) (internal quotation marks and citation omitted). Counsel "is not ineffective for declining to advise" a defendant about collateral consequences of a guilty plea. *Forman*, 661 S.W.3d at 48. But it is objectively unreasonable for counsel to affirmatively give a defendant incorrect information about those consequences, including misrepresenting when he or she will be eligible for parole. *Id.* at 46-48. And when a defendant pleads guilty in reliance on such a misrepresentation, giving up his or her right to a trial, counsel's deficient performance results in prejudice. *Id*.

Here, Movant alleged the facts needed to show the two prongs of this type of ineffectiveness claim: (1) that his plea counsel affirmatively misrepresented that he would become eligible for parole upon serving fifty percent of his sentence (when in fact he must actually serve eighty percent) and (2) that, but for the misrepresentation, he would not have pleaded guilty and would have proceeded to trial. *See id.* at 47-48.

The State nonetheless asserts that Movant's amended motion was not sufficiently detailed to warrant an evidentiary hearing, relying on *Bergner v. State*, 568 S.W.3d 547, 551 (Mo. App. E.D. 2019). But *Bergner* does not require the level of detail the State posits. In that case, the movant was not entitled to an evidentiary hearing because his motion did not allege any "positive misrepresentation" in the first place. *Id.* Instead, the movant merely claimed that his plea counsel "did not clearly explain" or "fully advise" him that he would have to serve his sentence if his probation were revoked. *Id.* Here, however, the amended motion specifically alleged an "affirmative misrepresentation by plea counsel that [Movant] would only have to serve fifty percent of his sentence before being eligible for parole." And there is no support for the State's assertion that Movant's allegation of prejudice is "vague and conclusory" because it did not specify what plea counsel actually said or when she said it. As this Court noted in *Forman*, it is well-settled that an allegation like Movant's—that if plea counsel had not provided incorrect advice regarding parole eligibility, the movant would not have pleaded guilty and would have insisted on going to trial—satisfies the "necessary factual predicates for prejudice." 661 S.W.3d at 47.

Pleading these facts entitles a movant to an evidentiary hearing unless they are conclusively refuted by the record. *Id.* at 48. Here, the record does not conclusively refute any of the allegations in Movant's claim. There was no mention of parole eligibility during the plea and sentencing hearings, nor in the plea petition that Movant signed. Allegations that counsel misinformed a movant as to parole eligibility "are not conclusively refuted by the record where no mention is made of parole eligibility." *Webb*, 334 S.W.3d at 129-30 (internal quotation marks, brackets and citations omitted).

The State maintains, however, that the motion court properly denied an evidentiary hearing because Movant repeatedly acknowledged on the record that he was not relying on any promises

5

in pleading guilty. But those statements do not conclusively refute Movant's allegation that his counsel gave him incorrect advice. "[A]n attorney's advice is not the same as a promise—a defendant can say correctly that he was promised nothing, but this does not mean he was given correct advice as to the effects of his plea." *Id*. at 130.

In particular, the State contends that the record refutes Movant's allegation because he confirmed in the plea petition that he was not "relying upon anyone's promise or representation" that he would "serve any less time of incarceration than the time specified in the actual sentence." This Court rejected a similar argument in *Phillips v. State*, 635 S.W.3d 870, 872 (Mo. App. E.D. 2021), where the movant alleged that his plea counsel provided incorrect advice about when he would be eligible for a parole hearing, but did not represent whether parole would be granted. Relying on *Webb*, the *Phillips* Court held that the record did not conclusively refute the movant's allegation because it did not contain an explicit mention of parole eligibility. *Id*. at 874. Nor did the movant's answer to the plea court's routine inquiry about whether anyone had told the movant how long he would "be confined or serve *in the penitentiary*" refute the allegation that his counsel misadvised him as to "when he would be *eligible* for parole." *Id*. at 874-75 (emphasis in original). "[P]arole eligibility does not assure being paroled." *Id*. at 875. Similarly, here, Movant alleged that he did not believe counsel's representation meant that he would be *entitled* to parole—only eligible—after serving fifty percent of his sentence. Movant's statement in the plea petition that no one represented he would *serve* less than the time specified in the actual sentence does not refute this allegation.

In sum, the record does not conclusively refute Movant's allegation that plea counsel affirmatively misrepresented that he would become eligible for parole upon serving fifty percent of his sentence and that, but for the incorrect advice, he would not have pleaded guilty and would

6

have gone to trial. Therefore, Movant is entitled to an evidentiary hearing, and the motion court clearly erred in denying his claim without one.

## Conclusion

For the foregoing reasons, the judgment denying Movant's Rule 24.035 amended motion without an evidentiary hearing is reversed. The case is remanded to the motion court with directions to hold an evidentiary hearing.

_____
MICHAEL E. GARDNER, Judge

Thomas C. Clark II, C.J., concurs.
Virginia W. Lay, Sp.J., concurs.

7