

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| DAVID L. ROSS, | ) | No. ED112454 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | 20CG-CC00339-01 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Scott A. Lipke |
| | ) | |
| Respondent. | ) | Filed: March 18, 2025 |

David L. Ross ("Movant") appeals the judgment denying his *pro se* Rule 24.035[1] motion ("*pro se* motion") for post-conviction relief following an evidentiary hearing. We affirm as modified. Specifically, we affirm the motion court's judgment to the extent the court finds: (1) Movant's *pro se* motion was untimely filed; (2) Movant failed to establish his untimely filing was excused by an exception to the timing requirements of Rule 24.035; and (3) the motion court did not have the authority to consider the merits of any claim in Movant's *pro se* motion and the motion must therefore be dismissed. However, because the conclusion of the motion court's judgment improperly denies Movant's *pro se* motion, this Court modifies the judgment to state that Movant's *pro se* motion is dismissed rather than denied. *See* Rule 84.14.[2]

---

[1] All further references to Rule 24.035 are to the version of the rule effective from January 1, 2018, to November 3, 2021, which was the version of the rule in effect at the time Movant's *pro se* motion for post-conviction relief was filed on November 19, 2020.

[2] All further references to Rule 84.14 are to Missouri Supreme Court Rules (2024).

## I. BACKGROUND

In October 2019, Movant entered an *Alford* [3] plea to one count of domestic assault in the first degree. The trial court sentenced Movant as a prior offender to nine years of imprisonment on November 18, 2019. Because Movant did not directly appeal his conviction, his Rule 24.035 motion for post-conviction relief was due 180 days later on May 18, 2020. *See* Rule 24.035(b). Movant did not file his *pro se* motion until November 19, 2020, and it is undisputed on appeal that Movant's *pro se* motion was untimely. Movant alleged in his *pro se* motion that the COVID-19 pandemic "hindered [him] from filing [the] motion in a timely manner," claiming his "facility has been plagued by lockdowns, quarantines, and riots" and that he had "limited access to the library and law library."

Post-conviction counsel filed an amended Rule 24.035 motion ("amended motion") in May 2021. [4] The amended motion addressed the timeliness of Movant's *pro se* motion, admitting it was "facially untimely" but arguing that "very rare circumstances" beyond Movant's control, namely COVID-19 restrictions within the Missouri Department of Corrections, "impeded [Movant's] ability to timely file." Movant asked the motion court to excuse the late filing of his *pro se* motion.

On November 9, 2021, the motion court denied Movant's amended motion without an evidentiary hearing and without issuing any findings of fact or conclusions of law regarding the timeliness of Movant's *pro se* motion. Movant appealed the denial of post-conviction relief, and this Court reversed the motion court's judgment and remanded with directions to, *inter alia*, determine whether an evidentiary hearing was warranted on Movant's claim that the untimeliness of his *pro se* motion should be excused and issue findings of fact and conclusions of

---

[3] *North Carolina v. Alford*, 400 U.S. 25 (1970).
[4] The amended motion was also untimely. *See Ross v. State*, 659 S.W.3d 368, 370 (Mo. App. E.D. 2023).

law as to the *pro se* motion's timeliness. *See Ross v. State*, 659 S.W.3d 368, 375 (Mo. App. E.D. 2023).

Following remand, the motion court held an evidentiary hearing on October 17, 2023, "to determine whether sufficient circumstances existed to excuse Movant's untimely filing of his *pro se* motion." In December 2023, the motion court entered a judgment with findings of fact and conclusions of law. The motion court's judgment finds: (1) Movant's *pro se* motion was untimely filed; (2) Movant failed to establish his untimely filing was excused by an exception to the timing requirements of Rule 24.035; and (3) the motion court did not have the authority to consider the merits of any claim in Movant's *pro se* motion and the motion must therefore be dismissed. However, the conclusion of the motion court's judgment denies Movant's *pro se* motion. This appeal followed.[5]

## II. DISCUSSION

Movant raises a single point on appeal, arguing the motion court clearly erred in finding that Movant failed to establish the untimely filing of his *pro se* motion was excused by the active interference of the COVID-19 pandemic. We disagree.

### A. Standard of Review

Our Court reviews the denial of a Rule 24.035 motion for post-conviction relief only to determine if the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k); *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019). Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Shockley*, 579 S.W.3d at 892. This Court presumes the motion court's findings are correct, and we defer to the motion court's

[5] To avoid unnecessary repetition, additional facts relevant to Movant's point on appeal will be set forth in Section II.B. of this opinion.

3

judgment on the credibility of witnesses. *Id*. The motion court may believe all, part, or none of the evidence presented at a hearing for post-conviction relief. *State v. Hunter*, 840 S.W.2d 850, 863 (Mo. banc 1992).

**B.     General Law and Analysis of Movant's Point on Appeal**

In a case such as this one where no direct appeal is filed, a motion under Rule 24.035(b) must be filed within 180 days of the date the movant's sentence is entered. *See id*. "[T]he time restrictions in Rule 24.035 are mandatory, strictly enforced, and may not be extended." *Miley v. State*, 559 S.W.3d 97, 99 (Mo. App. E.D. 2018). If a Rule 24.035(b) motion is untimely filed, the result is a complete waiver of the movant's right to proceed under the rule. *Miley*, 559 S.W.3d at 99.

Movant concedes his *pro se* motion under Rule 24.035 was untimely because it was not filed within the 180-day window specified in Rule 24.035(b). *See id*. However, Missouri courts have recognized "rare circumstances" in which late filings may be excused. *Price v. State*, 422 S.W.3d 292, 301 (Mo. banc 2014). Specifically, when a movant "prepares the motion and does all he reasonably can do to ensure that it is timely filed under Rule [24.035(b)], any tardiness that results solely from the active interference of a third party beyond the [movant's] control may be excused and the waivers imposed by [the rule] not enforced."[6] *Price*, 422 S.W.3d at 301; *Mitchell v. State*, 604 S.W.3d 331, 334-35 (Mo. App. E.D. 2020). Movant's sole point on appeal argues this exception should apply to his case and the untimely filing of his *pro se* motion was excused by the active interference of circumstances beyond his control, namely the COVID-19 pandemic and the resulting restrictions put in place at the facilities where he was incarcerated.

---

[6] Other exceptions exist to excuse a late filing for post-conviction relief under Rule 24.035, but these exceptions are not pertinent to Movant's appeal. *See Wiley v. State*, 368 S.W.3d 236, 238 (Mo. App. E.D. 2012).

At the evidentiary hearing in this case, Movant admitted that from the time immediately following his sentencing on November 18, 2019, until March 2, 2020, there were no COVID-19 restrictions in place at the facility where he was incarcerated. Movant also testified that he knew the process for requesting the necessary paperwork for post-conviction relief, but waited until March 2020 to make such a request. After making his request, Movant was transferred to a different facility before it was fulfilled and never made a similar request after arriving at the second facility.

Based on the foregoing, this case is not one of the rare circumstances in which the untimely filing of Movant's *pro se* motion would be excused due to the active interference of circumstances beyond Movant's control. *See Price*, 422 S.W.3d at 301; *Mitchell*, 604 S.W.3d at 334-35. Although Movant argues COVID-19 restrictions prevented him from timely filing his *pro se* motion, his incarceration began over three months prior to the implementation of any such restrictions and the record in this case shows Movant made no attempt to file during this time. Accordingly, Movant did not do all he could reasonably do to ensure timely filing of his *pro se* motion and his failure to meet the applicable deadline did not result *solely* from the active interference of a third party beyond his control. *See id.*; *see also Henneha v. State*, 669 S.W.3d 667, 671 (Mo. App. S.D. 2023) and *McCartney v. State*, 655 S.W.3d 380, 384 (Mo. App. S.D. 2022) (both similarly holding and finding movants subject to COVID-19 restrictions had opportunities to file timely motions for post-conviction relief).

The motion court's judgment did not clearly err in finding that Movant's *pro se* motion was untimely filed and that Movant failed to establish his untimely filing was excused by an exception to the timing requirements of Rule 24.035. *See id.*; *Price*, 422 S.W.3d at 301. The motion court also did not clearly err in finding it did not have the authority to consider the merits

5

of any claim in Movant's *pro se* motion and the motion must therefore be dismissed. *See Palmer v. State*, 643 S.W.3d 673, 676 (Mo. App. E.D. 2022). Accordingly, we affirm the motion court's judgment to the extent it made the aforementioned findings. However, the conclusion of the motion court's judgment improperly states Movant's *pro se* motion is "denied." (emphasis omitted). Pursuant to this Court's authority under Rule 84.14, we modify the motion court's judgment to state the following: "WHEREFORE, the above findings of fact and conclusions of law having been made, it is hereby ORDERED, ADJUDGED and DECREED that Movant's Rule 24.035 Motion be DISMISSED." *See* Rule 84.14; *Lay v. Cunningham*, 688 S.W.3d 768, 773, 781-82 (Mo. App. E.D. 2024); *Ziegler v. State*, 799 S.W.2d 161, 167 (Mo. App. S.D. 1990).

Movant's sole point on appeal is denied.

### III. CONCLUSION

The motion court's judgment is affirmed as modified.

_____
ROBERT M. CLAYTON III, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

6